## C. W. HOAG v. L. M. WARDEN.

SHERIFF'S FAILURE TO RETURN EXECUTION.—If the Sheriff, after the receipt of an execution, collects and pays to the plaintiff the amount due on the same, he is not liable to the plaintiff in the amount thus collected, as a measure of damages, merely for a subsequent failure to return the writ.

DEFECTIVE ALLEGATIONS IN COMPLAINT.—In an action against a Sheriff for damages for a failure to return an execution, if the complaint avers only its receipt by him, and that he has collected the money, and has failed to return the execution, this Court will not assume, upon a failure to deny the allegations of the complaint, that the Sheriff has failed to pay the money to the plaintiff.

APPEAL from the District Court, Second Judicial District, Tehama County.

The complaint averred that on the 26th day of June, 1865, the plaintiff recovered a judgment before a Justice of the Peace against Prising and Shell for one hundred and ninety dollars and seven cents, and interest until paid at the rate of five per cent per month. That the judgment was docketed in the County Court, and on the 17th of October, 1867, an execution was issued on it and placed in the hands of the defendant, who was Sheriff of Mendocino County, which execution was returnable in sixty days; and that the Sheriff had collected the money, but had failed to return the execution, to the damage of plaintiff in the sum of five hundred dollars, and interest at five per cent per month until paid.

There was a further averment that by reason of the failure of the defendant to make return of the execution, he had become liable to the plaintiff in the penalty and sum of two hundred dollars, according to the provisions of an Act concerning Sheriffs, passed April 29th, 1851. The prayer was for judgment for seven hundred dollars, and interest at five per cent per month as aforesaid.

The answer failed to deny the allegations of the complaint, and the cause was submitted on the pleadings. The Court gave the plaintiff judgment for two hundred dollars and costs of suit. The plaintiff appealed.

*J. G. Doll*, for Respondent, argued that as the allegations of the complaint were admitted, the Court should have rendered judgment for the amount recovered before the Justice, and five per cent thereon, as well as for the sum of two hundred dollars.

*W. S. Long*, for Respondent.

By the Court, SAWYER, C. J.:

We do not see how plaintiff can justly claim that the damages accruing upon what he claims to be his first count (admitting that there are two counts) are fixed by the admitted allegations of the complaint.    The *gravamen* of the action is the *failure to return an execution* within the priscribed time.    It is averred that the money has been collected, and that the defendant (the Sheriff) has failed to return the execution; but it is nowhere alleged that defendant has not paid over to plaintiff the money collected.    Moneys collected on execution are usually paid over by the officer before the return of the writ, and the fact of such payment constitutes a part of the return.    In this instance the money, for aught that appears, may have been paid to the plaintiff, notwithstanding the fact that the writ has not been returned. We cannot assume that it has not been paid without any averment on the point.    If paid, the amount collected and paid over cannot be the measure of damages for a subsequent failure to return the writ merely.

The judgment is affirmed.