CHAMBERS v. HUBBARD.

1. **Conveyance**: TITLE: NOTICE. The holder of a good title conveys the same to one who had notice of existing equities in favor of a third person, not affecting the title in the hands of the grantor.

2. ———: FRAUD. That one was induced to purchase land by another, to the detriment of a third person, does not vitiate his title, in the absence of concealment or fraud.

*Appeal from Fremont District Court.*

MONDAY, APRIL 26.

PLAINTIFF brought his action at law to recover certain land. The defendant filed an equitable answer and cross-bill, alleging that Samuel Chambers, the father of plaintiff, being the owner of the land, sold it to defendant, and executed a bond for a deed to be made upon the payment of the purchase price. Upon default being made in payment, Samuel Chambers foreclosed the title bond and recovered a judgment thereon, which remains unsatisfied. At the time of the purchase of the land from Samuel Chambers, one Ellis held a tax title upon it. The defendant proceeds in his answer with the following language:

"3. He alleges that at the time said Samuel Chambers sold said land to him the tax title thereto was in said Ellis, and that when he foreclosed said bond for the purchase money thereof as aforesaid, he had not obtained the tax title as aforesaid from the said Ellis to said land as in equity he was bound to do, as will appear by reference to the abstract of title filed with his petition by plaintiff in this action.

4. He further states that plaintiff knew his father (Samuel Chambers) had sold said land to him, the defendant, in July, 1868, when said Ellis had a tax deed for the same, and knew that his father's title thereto was worthless without obtaining said tax titles, and knew that said Samuel Chambers had sued on and foreclosed said bond against this defendant.

5. Defendant alleges further that said plaintiff, knowing all the rights and equities in relation to said contract, between said defendant and said Samuel Chambers, for the purchase of said land, did, for the purpose of defrauding defendant and . depriving him of said land, and at the special instance and request of said Samuel Chambers and under the control, direction and instance of said Samuel Chambers, go to said J. W. Ellis and for the purpose of injuring defendant and defrauding him out of his right and interest in said land, and out of the money he had laid out and expended in improving the same since his said purchase of the same of said Samuel Chambers, and did fraudulently and wrongfully contract for and purchase said land, and for the purpose of helping his father, the said Samuel Chambers, to wholly ruin him, for the sum of one hundred and fifty dollars, ($150,) obtaining a quit-claim deed therefor, dated September 5, 1872, which is the title by virtue of which said plaintiff is now endeavoring to eject this defendant from said land."

Samuel Chambers is made a party defendant, and it is alleged that when he foreclosed the title bond the land was the property of Ellis, who held it under the tax deed; that he induced the plaintiff to buy the tax title to defraud defendant. The relief asked against plaintiff is, that he be declared a fraudulent grantor of the land, and that he be required by proper decree of the court to convey to defendant all the interest and title he holds to the land. The relief claimed of Samuel Chambers is that, in satisfaction for the damages sustained by defendant through the fraud of the other parties, he be required to cancel the judgment obtained in the proceedings to foreclose the bond.

A demurrer to defendant's answer was sustained; from this ruling he appeals.

*L. Lingenfelter*, for appellant.

*E. S. Sears*, for appellee.

BECK, J.—It is not pretended that the title held by Ellis was in his hands affected by any equity set up by defendant.

Plaintiff's purchase passed to him a valid interest in the land, and he acquired just such a title, just as free from plaintiff's equities as was held by Ellis. The holder of a good title, unaffected by equities of others, may convey such a title free therefrom to one having notice of such equities. Whatever notice plaintiff had of defendant's claim and interest in the land did not operate to defeat the title acquired by him from Ellis.

1. CONVEY- ANCE: title: notice.

The answer does not allege that plaintiff bought the land for Samuel Chambers, or with his money, or that he was to have any interest whatever in the land. Neither is it averred that there was any improper con- cealment, misrepresentation, or artifice used by plaintiff in the transaction. It is alleged that, "for the purpose of defrauding defendant and depriving him of his land, and at the special instance and request of Samuel Chambers, and under his control," plaintiff purchased of Ellis. Plaintiff could not have purchased the land, however innocently or ignorantly, without *depriving* defendant of it. The fact that it was bought at the *instance and request* of Samuel Cham- bers, and under *his control*, if he acquired no interest in the purchase, and if there was no concealment, no misrepresent- ation, or improper thing done by plaintiff, would not defeat the title in the hands of plaintiff. The charge of *defrauding* defendant made in the answer must be understood as based upon the allegation of facts presented by the defendant. They do not support the charge.

2. ——: fraud.

The judgment of the District Court is

AFFIRMED.