KELLOGG & HARRIS v. AHERIN AND McGANN.

1. **Fraudulent Conveyance:** PARTICIPATION IN THE FRAUD.  Fraud will
not be imputed in the conveyance of real estate unless there was
participation therein both by grantor and grantee.  The latter must
have had knowledge of the grantor's fraudulent purpose, or of such
other facts as would have put him upon inquiry, or must have
neglected to make such inquiries as a reasonably prudent man would
have done under like circumstances.

2. **Practice:** CROSS-PETITION: AFFIRMATIVE RELIEF.  While no affirma-
tive relief can be afforded the defendant unless it is claimed in a
cross-petition, yet where such relief has been granted in the court
below, without objection, the decree will not, for that reason, be
reversed on appeal.

*Appeal from Plymouth Circuit Court.*

FRIDAY, APRIL 19.

THIS is an action in equity to set aside and declare void,
upon the ground of fraud, a certain conveyance, by warranty
deed, of eighty acres of land in Plymouth county, Iowa, made
by defendant Aherin and wife to defendant McGann, on Oc-
tober 9, 1875, and to subject said land to the lien of an
attachment sued out of the District Court of Plymouth county,
in an action wherein Kellogg & Harris were plaintiffs and
the above named Daniel Aherin was defendant;  said suit in
attachment having been commenced upon a foreign judgment
rendered in the Circuit Court of Sauk county, Wisconsin, on

September 30, 1875, against defendant Aherin, and in favor of plaintiffs herein, for four hundred and twenty-nine dollars and sixty-one cents debt, and one hundred and thirty dollars and six cents costs. After the commencement of this action the plaintiffs recovered judgment against the defendant Aherin, in said attachment suit, for the sum of five hundred and sixty-nine dollars and sixty-seven cents, and costs; and the land in controversy was ordered sold, to satisfy the judgment. The defendant McGann denies that he received the deed in question for the purpose of defrauding the creditors of Aherin, and alleges that he purchased in good faith, and paid a valuable consideration. Defendant prays that the writ of attachment be declared null and void, and that the title to the land be quieted in him.

The court dismissed plaintiffs' petition, and quieted the title to the lands in controversy in the defendant McGann. The plaintiffs appeal.

*Struble Bros.*, for appellants.

*A. W. Dudley*, for appellee McGann.

DAY, J.—I. The evidence shows clearly that the defendant McGann paid a sufficient consideration for the land. It is incumbent, therefore, upon the plaintiffs to prove fraud upon the part of the grantor, and participation in the fraud upon the part of the grantee, so far as to have knowledge of the grantor's fraudulent purpose, or knowledge of such other facts and circumstances as ought to have put the vendee upon such inquiry as would have led to an ascertainment of the truth, or as will afford reasonable ground for the inference that he purposely or negligently omitted to make such inquiries as an ordinarily prudent man in the same situation would make. *Steele v. Ward*, 25 Iowa, 537; *Drummond v. Couse*, 39 Id., 442; *Hopkins v. Lankton*, 30 Wis., 380. The burden of proof is upon the plaintiffs to establish these facts by satisfactory evidence. Fraud will never be imputed when the facts upon

which it is predicated may consist with honesty and purity of intention. *Lyman v. Cessford*, 15 Iowa, 229; *Schofield v. Blind*, 33 Id., 175; *Drummond v. Couse*, 39 Id., 443.

Testing the evidence by the principles enunciated in the foregoing cases, we are unable to find affirmatively that the defendant McGann is chargeable with a fraudulent purpose. All the facts and circumstances proved may reasonably consist with honesty of purpose upon his part. The evidence falls short of that satisfactory character which should be required in order to attach a fraudulent purpose to the defendant McGann, who seems to stand entirely indifferent as to Aherin, and to have no motive to assist him in the perpetration of a fraud. The case involves simply a question of fact. A review of the testimony in detail would swell the volume of our reports without subserving any practical or useful purpose.

Upon a careful examination of the evidence submitted, we are satisfied with the finding of the court below, dismissing plaintiffs' petition.

II. It is claimed that the court erred in quieting the defendant's title against the plaintiffs, as prayed in the defendant's answer, because the defendant filed no cross-bill.

1. PRACTICE: cross-petition: affirmative relief. Affirmative relief can properly be claimed only by cross-petition. But no objection was taken to the form of the pleadings in the court below. Such objection ought not, therefore, to avail now. We are not unmindful that the case of *McGregor v. McGregor*, 9 Iowa, 77, seems to be opposed to this view, but our conclusion is more in harmony with the more liberal spirit of legislation and judicial construction which prevails at the present day.

AFFIRMED.