THAYER v. COLDREN ET AL.

1. **Conveyance**: CONSIDERATION. Evidence considered; *held*, to show a sufficient consideration, and that the conveyance was made in good faith.

2. **Execution Sale**: REDEMPTION. By attempting to redeem from an execution sale, a party admits the validity of such sale, and that the land was subject to the judgment.

3. ——: RIGHT OF REDEMPTION: VENDEE OF DEFENDANT. The vendee of an execution defendant, whose lands are sold at execution sale, may redeem the lands to which he holds title from such sale, although the judgment defendant may have appealed the case.

4. —— : ——: DEFENDANT. The term "defendant" as first used in section 3102, Code, means the person holding the right to the possession of the lands sold, as the owner; as last used, it means the defendant in the action.

*Appeal from Johnson District Court.*

MONDAY, OCTOBER 24.

ACTION in chancery to quiet the title to lands. There was a decree granting the relief prayed for by plaintiff. Defendants appeal.

*Milton Remley*, for appellants.

*Boal & Jackson*, for appellee.

BECK, J.—I. We will first briefly state the chain of title of the respective parties claiming the land in controversy as it appears of record.

One Lenox is the common source of the conflicting titles. He conveyed to Landt, who executed a mortgage to secure the payment of the purchase-money, which was subsequently foreclosed, and the land under the foreclosure was sold to Henckley, who conveyed it by warranty deed, dated March 15, 1877, and recorded August 28, 1877, to plaintiff.

The adverse title set up by defendants is as follows: The

property was attached in an action at the suit of defendant Schoonover. receiver, and judgment finally rendered thereon against Henckley. The attachment was prior to the date of the recording of the deed of Henckley to the plaintiff and the judgment was subsequent thereto. Upon this judgment the land was sold to H. M. Remley, May 18, 1878, who subsequently conveyed it to defendant Shaw. The sheriff's deed was executed on the day of the sale to Remley Henckley had appealed the case wherein the judgment was rendered, upon which the land was sold; upon this fact it is claimed that the sheriff's sale was without redemption.

Other facts relied upon to support the respective adverse titles of the parties are as follows:

Henckley and three others entered into a contract under which they agreed to acquire lands by gift or purchase, for the purpose of laying out towns along the line of the Chicago, Omaha & St. Joseph Railroad. The land in controversy, it was agreed, should be within the contract. It had been purchased by Henckley and the title was held by Landt. Henckley transferred his interest in this contract to plaintiff and subsequently conveyed to her all the lands.

II. Defendants insist that this conveyance was without consideration and fraudulent. We think the testimony does 1. CONVEY- not support this position. All the testimony upon ANCE: consideration. the subject is one way, tending to show that Henckley was indebted to the husband of plaintiff and discharged the debt, or a part of it, by transferring the land to plaintiff. We think that the testimony plainly shows a sufficient consideration received by Henckley and that the ˙conveyance was in good faith.

III. Counsel for the respective parties devote considerable time to discussing the effect of the contract above referred to, under which the land was to be held for town purposes. Under the view we take of the case this contract becomes wholly immaterial for the proper determination of the case. If, as de-

fendants claim, the contract was abandoned, and was never operative, the legal title is shown to have been in Henckley and passed to plaintiff, where it now rests, unless defeated by defendant Shaw's adverse claim. On the other hand if the contract was operative and the land is within its provisions, Henckley held it in trust for his associates. His transfer to plaintiff under the facts of the case could not have defeated that trust and it is held by plaintiff subject thereto. Or if this view be not correct, Henckley held the legal title which he transferred to plaintiff. The defendants are not claiming under the trust, but upon an adverse legal title. Whether the lands in the hands of plaintiff is subject to that trust is not a matter for determination in this action. We are called upon to de°ermine which of the contesting parties holds the legal title. We have nothing to do with the equities of other persons in the land.

IV.   Having found that the conveyance to plaintiff by Henckley was made in good faith and for a sufficient consid-

2. EXECUTION SALE : redemption. eration, and that it passes the legal title, unless defeated by defendants' adverse title, we are relieved of the duty of following counsel in their discussion relating to the effect of the contract referred to and the equities of other persons. We are to enquire which of the parties holds the legal title, plaintiff or defendant Shaw. Other facts not before mentioned must be here stated.

The sheriff's sale under which Shaw claims title was made May 18, 1878. On the 14th day of February. 1879, plaintiff deposited with the clerk of the court an amount sufficient to redeem the land from the sale. It will be remembered that the deed was made upon the day of sale, and the right of redemption denied on the ground that defendant Henckley had appealed the case wherein judgment was rendered to the Supreme Court.

Plaintiff having made the deposit of money to redeem the land, cannot set up an equity under the original contract for

the acquisition of town property to defeat the sale. By her effort to redeem from the sale she admits that it was valid, and that the land was subject to the judgment against Henckley. We are, therefore, relieved of the duty of considering her claim that the land was not subject to sale upon the judgment.

We now reach a point where it appears that the case turns wholly upon the question involving plaintiff's right to redeem. 3. ——: right of redemption: vendee of defendant. If she possessed that right, the sheriff's deed was prematurely made, and therefore invalid, for she did actually make the redemption within the time prescribed by statute. We will, for the sake of perspicuity, repeat facts involved in the question of redemption.

The judgment upon which the sale was made was rendered after Henckley acquired the legal title to the lands under the foreclosure. The deed was made after the attachment and recorded after the judgment was rendered in the case, and the redemption was made within nine months after the sale of the lands. Henckley appealed from the judgment, which was affirmed. Under these facts, did plaintiff have the right of redemption? If such right exists it must be planted upon the statute. There is no provision expressly authorizing the vendee of an execution defendant to redeem from a sheriff's sale. Such right is conferred upon the defendant, judgment creditors, and mortgagees in express language by the statute. Unless by construction of the statute the right of redemption is secured to the vendee of the execution defendant, we will find the astonishing result that the right of redemption is secured to the lien-holder, while it is denied to the vendee of the judgment debtor, the holder of the title. We think, however, that the right of redemption is secured to the vendee of the judgment defendant by a fair interpretation of Code, section 3102, which is in the following language:

"The defendant may redeem real property at any time within one year from the day of sale as herein provided, and will in

Thayer v. Coldren.

the meantime be entitled to the possession of the property. But in no action where the defendant has taken an appeal from the Circuit or District Court, or stayed execution on the judgment, shall he be entitled to redeem."

This provision secures not only the right of redemption, but the possession of the property sold until a deed be made to the person described by the term "defendant." There was no intention in the mind of the law-maker to secure the possession to one not holding the right thereto at the time of the sale. If the land was in possession of the vendee of the execution defendant, surely the intention could not have been to give the defendant the right of possession until the deed should have been made. The term "defendant," in the first sentence of the section, must, therefore, be understood as describing the person holding the right to the possession as the owner of the land. The vendee of the execution defendant is described by the term as well as defendant in execution himself, in case he had not conveyed the land. Under this provision we think the right of redemption is secured to the vendee of the execution defendant.

4. $\frac{}{defendant}$:$\frac{}{}$:

The last sentence of the section provides that when the defendant has taken an appeal he cannot redeem. The person here referred to and described as the "defendant," is the party to the suit, not the vendee of the "defendant" for he cannot appeal the case. The provision, therefore, is intended to take the right of redemption from the defendant who could appeal, and not from his vendee who could not. The law will never impose restriction upon the rights of one man on account of the acts of another. This is surely so when the first is in no manner responsible for the acts of the last. We reach the conclusion that plaintiff as the vendee of Henckley was entitled to redeem, and that the sheriff's deed made on the day of sale, being premature, was void. These views find some support in *Harvey v. Spalding*, 16 Iowa, 398, and *Seiben v. Becker et al.*, 53 Iowa, 24. The re-

demption actually made by plaintiff operated to discharge the land from liability upon the judgment. As the sheriff's deed was void, defendant Shaw, though an innocent purchaser, acquired no title under it. These conclusions support the decree of the court below, which quiets the title in plaintiffs. It is therefore

AFFIRMED.