## BLECKMAN V. BUTLER *et al.*

**Judicial Sales:** PAYMENT OR PURCHASE OF CERTIFICATES : REDEMPTION BY JUNIOR LIEN-HOLDER. E., who was plaintiff's son, was the owner of the four acres of land in controversy. The land was sold successively on several judgments against the son, one of which was also against the mother (plaintiff) as surety. The mother made a arrangement with defendant B., whereby he was to acquire the certificates of purchase and extend to her the time for redemption. L. afterwards purchased the land upon execution on a judgment inferior to those above referred to, and he claimed to hold it as against plaintiff, on the ground that plaintiff's arrangement with B. amounted to a payment and extinguishment by her of the prior liens, thus making his lien the first one. But *held* that his claim could not be sustained, for two reasons : *First,* because plaintiff, as a surety, had the right to redeem, and thus to acquire the judgment for which she was surety, and hold it for her own protection, and by doing so she did not pay and extinguish it ; *second,* L.'s effort to redeem was not made within the time prescribed by the statute.

*Appeal from Polk District Court.*—HON. MARCUS KAVANAGH, JR., Judge.

FILED, FEBRUARY 2, 1889.

ACTION in chancery to enforce the right of plaintiff to redeem from certain execution sales of real estate ; the certificates of purchase having been acquired and being held by defendant Butler under an agreement with plaintiff whereby the right to redeem was extended and secured. Littleton was made a defendant, and filed a cross-petition, setting up his claim and interest in certain lands involved in the controversy, and asking that his title therein be quieted. The relief prayed for by plaintiff as against Butler and other defendants was granted, and the cause was continued as to Littleton's cross-petition, on trial of which the relief prayed for therein was granted by a decree. Plaintiff appeals from the decree upon Littleton's cross-petition.

*Reed & Reed*, for appellant.

*Mitchell & Dudley* and *Baylies & Baylies*, for appellees.

BECK, J.—I. The facts in the case, which are rather intricate, are as follows: The plaintiff, at one time, was the owner of all the lands involved in the different parts of the action. She conveyed four acres of the land which is involved in Littleton's part of this action to her son Emil. Cassady recovered judgment against plaintiff and Emil, and subsequently Emil conveyed the four acres to the Empire Coal Company. Prior to this judgment and conveyance, Emil mortgaged the four acres to Tovey, who assigned to Brown. The four acres, and thirty acres of land owned by plaintiff, were sold on Cassady's judgment. All the lands were sold upon a decree of foreclosure in favor of the Northwestern Mutual Life Insurance Company. The Tovey mortgage was foreclosed, and the four acres, as well as the coal-mining lease, covering thirty acres, by plaintiff to Emil, were sold upon the decree. The purchaser redeemed from the sale on the Cassady judgment. Thereupon plaintiff and Butler entered into a contract under which Butler was to acquire the certificate of sale, and extend the time of redemption to plaintiff. Butler also acquired one or two liens on the property, but no further reference need be made thereto. Littleton recovered judgment against the Empire Coal Company, the owner of the four-acre tract in controversy, and subsequently caused execution to be issued, and that lot to be sold upon the judgment.

II. It will be observed that Littleton's judgment was inferior to the mortgages and Cassady's judgment. Littleton claims the right to hold the land on the sale on his judgment, upon the ground that the redemption made by plaintiff as to the decree of foreclosure of the mortgages, and as to the judgment, was, in fact, payment, or operated as such, and they cannot, therefore,.

be enforced against the property. In our opinion, the evidence fails to establish payment of these encumbrances, but, on the contrary, it is clearly shown that the transaction on the part of plaintiff was for the purpose of redeeming from them, and not to pay them off. It was not the purpose of any of the parties to pay off and satisfy the judgment, but it was clearly their expressed intention that Butler should acquire the certificates of sale and liens. The debts for which the judgments were rendered were not the debts of the plaintiff as principal. While she was a party to one of the judgments she was such as surety for her son. This relation would authorize her to acquire the judgment, and to retain it unsatisfied, for her own protection. The relation as mother prompted her to aid the son, and in doing this she could acquire the judgment; and the payment for that purpose would not satisfy and discharge it.

III. Another consideration leads to the same conclusion. Littleton's right, under the statute, to redeem from the sales, had expired before he sought in this action to enforce it. Butler, therefore, acquired an absolute right, as against him, to a deed. This right, by the contract, passed to plaintiff. Littleton had no right to redeem from the sale. He cannot, therefore, defeat plaintiff's superior right to the land. It is our conclusion that the decree of the district court ought to be                                    REVERSED.