THE FRANCESTOWN SAVINGS BANK, Appellant, v. DORA
SILVER and L. SILVER, Appellees.

122  685
124  700

122  685
135   87

122  685
143   44

Liens: EXTINGUISHMENT OF RIGHT OF REDEMPTION. Where there
is a mortgage and two inferior judgment liens upon the same
land, issuance of a sheriff's deed on an execution sale under
the senior judgment, from which the holder of the junior judg-
ment fails to make statutory redemption, cuts off his right
to redeem from a sale under the mortgage.

*Appeal from Woodbury District Court.*—HON. GEORGE W.
WAKEFIELD, Judge.

WEDNESDAY, FEBRUARY 10, 1904. ..

The opinion states the case.—*Affirmed.*

*G. O. Swasey* for appellant.

*E. P. Farr* for appellees.

WEAVER, J.—The plaintiff, a New Hampshire corpor-
ation, alleges, in substance, that on November 8, 1893, the
district court of Woodbury county rendered a money judg-
ment in its favor against one Maria Cox, which judgment
became at once a lien upon a certain tract of land in said
county, the title to which was then in said Cox. It further
alleges that said judgment has never been satisfied, and still
remains a lien upon said property. It also alleges that at
the date of said judgment one Wilson held a prior mortgage
upon said land; that said mortgage was afterward foreclosed,
resulting in a sale of the land under special execution, and,
no redemption being made, the sheriff conveyed the same by
deed under date of March 29, 1898, to the defendant Dora
Silver, who was then the owner by assignment of the cer-
tificate of sale. The petition further shows that there was
an attempt to make the plaintiff herein a party defendant to
the foreclosure proceedings, but it avers that by reason of a

defect in the affidavit for publication of notice the attempt was ineffectual, and that the court obtained no jurisdiction to enter a decree against said plaintiff. On this showing plaintiff asks to be allowed to redeem the land from said mortgage and sale, and that defendants be required to account for rents and profits during the time they have been in possession. The defendants, answering the petition, deny that plaintiff's judgment is a lien on said land, and allege that in March, 1893, several months prior to the date of plaintiff's judgment, one D. W. Braley obtained a judgment in the district court of Woodbury county against Maria Cox, which judgment became a first lien on the land in question, subject only to the Wilson mortgage; that thereafter, in the year 1896, and before the foreclosure of the Wilson mortgage, the land was sold at sheriff's sale under an execution issued upon the Braley judgment, and, no redemption being made therefrom within the time fixed by law, a sheriff's deed pursuant to said sale was made and delivered to the said Dora Silver, to whom the certificate had been duly assigned. This sale and deed the defendants allege had the effect to remove the lien of plaintiff's judgment, and to vest the title to said land in Dora Silver, subject only to the mortgage held by Wilson. To this answer the plaintiff filed a general demurrer, which was overrruled by the trial court, and, plaintiff refusing further to plead, and electing to stand upon its petition without amendment, a judgment of dismissal was rendered.

If we understand the position of appellant, the question presented may be stated thus: Given a mortgage lien with two successive inferior judgment liens upon land, will a sheriff's sale and deed under execution issued upon the senior judgment operate to extinguish the right of the holder of the junior judgment to redeem from a subsequent sale under the mortgage? We think the inquiry must be answered in the affirmative. Appellant's right to redeem depends upon the existence of a lien in his favor. Code, section 4046. Without such lien the mere fact that it is a judgment creditor

gives him no standing to make redemption.     In our judgment, it must be held that the sheriff's sale and deed under the Braley judgment vested the title to the land in the defendant Dora Silver wholly freed from the lien of plaintiff's judgment, and plaintiff could not thereafter undermine or destroy such title by the device of a redemption from the mortgage.   The holder of the Braley judgment was not required, in order to enforce his lien and cut off the inferior lien, to bring action in equity and serve notice upon the plaintiff.   He could rightfully do as he did—order out an execution, and proceed to a sale, as prescribed by statute; and of that proceeding the plaintiff and all other junior lien holders, if any, were bound to take notice.   Such sale being made, the plaintiff, as a junior lien holder, was entitled to redeem therefrom, if so advised, at any time after six months and before the expiration of nine months from the date of sale. Failing so to do, its lien expired, and with it expired its right of redemption from this sale, and from any sale of the same land thereafter made under the prior mortgage.   It seems to be appellant's theory, however, that, had the defendant Dora Silver redeemed from the mortgage sale, instead of taking a sheriff's deed, her title would now be unassailable; but, having adopted the latter course, she must stand or fall on the strength of the deed in foreclosure, and that the title obtained under the prior sale is unavailing to her.   We are cited to no authority in support of this proposition, and we now recall no principle of law or statutory provision which requires us to so hold.   We can see no reason why the defendant, having a title which is good against the plaintiff's claim, should be held to waive or lose its protection by seeking (mistakenly perhaps) to fortify it by an additional conveyance from another source.   It is very possible that as the holder of the title defendant, technically speaking, had simply a right of redemption, and was not entitled to demand or receive a sheriff's deed on the foreclosure sale; but, conceding that to be true for the purposes of the argument, the utmost effect would be to hold that the payment of the money

by her operated in equity as a redemption, and that the deed taken was of no force or effect as a conveyance of title. It in no manner destroys the title she had obtained under the first sale, nor estops her from relying upon it.

Counsel in argument say "at the time of the foreclosure action appellant's judgment was a lien on the land sold." This statement assumes the very point in issue, and wholly ignores the effect of the first sheriff's sale. If that sale and deed operated to remove the lien, as the statute clearly teaches, when and by what means was it re-established? To hold with the appellant is to utterly destroy all the value and advantage of position which the statute as well as the commonest rules of equity are supposed to assure the creditor whose lien is first in order of time. We are not disposed to announce such a doctrine. The principle here affirmed finds support in *Marshall v. McLean*, 3 G. Greene, 363; *Diddy v. Risser*, 55 Iowa, 699; *Bleckman v. Butler*, 77 Iowa, 128. In the *Diddy Case* we said: "The holder of a simple judgment lien never had an equitable right to redeem from a senior lien holder after the execution of a sheriff's deed made pursuant to a sale thereunder." This states the law of the case in a few words. As plaintiff had no lien upon the land when it was sold under foreclosure, it is wholly immaterial that the mortgagee failed to make it a party to the proceedings. It had its opportunity to redeem from the Braley judgment, and thereby obtain the position now held by the defendant, but chose not to do so; and by the limitation of the statute its lien and all rights dependent thereon were eliminated.

The ruling of the district court was right, and is AFFIRMED.