ELIZABETH WITHAM, Appellant, v. C. N. BLOOD, C. E. BLOOD, E. J. BLOOD, AND GEORGE C. LAWRENCE, Appellees.

**Recovery of real property:** PLEADINGS: NECESSARY ALLEGATIONS.
1 Under the Code, pleadings are to be liberally construed, but nothing will be assumed in favor of the pleader which is not averred, or

may not, upon a liberal and fair interpretation, be implied from the averments made. Under this rule a junior mortgagee claiming title under a foreclosure, paramount to that derived through the foreclosure of a senior mortgage, whose petition fails to state that she was a party to the foreclosure of the first mortgage and that defendants were parties to the foreclosure of the second, which are material allegations, is demurrable.

**Mortgage foreclosure:** FAILURE OF SECOND MORTGAGEE TO REDEEM, A junior mortgagee, if made a party to the foreclosure of a senior mortgage, who fails to protect his rights either by bidding in the property or by making redemption, loses his lien, and the mortgagor may transfer the legal title divested thereof.

**Second mortgage:** PRESERVATION OF LIEN. Where a second mortgagee fails to redeem from a foreclosure of the first mortgage, the lien of the second mortgage is not preserved by a foreclosure and sale thereunder, to which the mortgagors only are made parties.

**Mortgages:** SALE OF EQUITY: REDEMPTION BY MORTGAGOR. Where a mortgagor conveys his equity of redemption after a sale on foreclosure of the first mortgage, a redemption by the mortgagor will enure to the benefit of his grantee, and will not leave the land subject to the lien of a junior mortgage.

**Fraud:** SALE OF MORTGAGOR'S EQUITY. Where a junior mortgagee has permitted the time for redemption from a sale under a prior mortgage to expire, fraud cannot be predicated on a sale of the equity of redemption by the mortgagors, in the absence of allegations of insolvency.

**Fraud:** INNOCENT PURCHASER. Where a grantee takes title to real property, without any knowledge of a fraudulent intent on the part of his grantors, his grantee will acquire good title, although at the time of the conveyance to him he may know of the fraudulent purpose of the original grantors.

*Appeal from Jones District Court.*— HON. W. G. THOMPSON, Judge.

WEDNESDAY, JULY 13, 1904.

THE opinion states the case.—*Affirmed.*

*George H. Bennett* and *James E. Remley,* for appellant.

*George C. Lawrence,* for appellees.

WEAVER, J.— The plaintiff's petition in equity states her claim substantially as follows: That the defendants Celia E. Blood and Charles Blood were the owners of a tract of land upon a part of which plaintiff had a mortgage lien, which was junior to another mortgage made to Jones county, and assigned to one Sigworth. Sigworth's mortgage was foreclosed by an action in equity, and the land was sold thereunder on April 11, 1898. The certificate of such sale was assigned to H. W. Witham December 4, 1898, and thereafter, on February 10, 1899, Celia E. Blood and Charles N. Blood conveyed the land by warranty deed to E. J. Blood. On April 10, 1899, Charles N. Blood made redemption from the sheriff's sale, and on the same day E. J. Blood conveyed the land by warranty deed to H. S. Richardson, who executed and delivered to Celia E. Blood, Charles N. Blood, and E. J. Blood a lease, with an optional right to purchase the same premises, for a period of five years. On April 8, 1901, Richardson quitclaimed to Hiram Arnold, and on February 3, 1902, Arnold conveyed the land by quitclaim deed to the defendant Lawrence. Pending the year of redemption from the Sigworth foreclosure, and after nine months from the date of such sale and after the title to the land had passed from the mortgagors to E. J. Blood, the plaintiff obtained a decree of foreclosure of her junior mortgage, and on April 19, 1899, the title being then in Richardson, she caused sheriff's sale to be made of the twenty acres described in her said mortgage. Having taken a deed under said sale, she brings this action, setting up the facts of which the above is a condensed statement, and alleging that the transfer of the title from Celia E. Blood and Charles N. Blood to E. J. Blood was made for the purpose of defrauding the creditors of the mortgagors, and without consideration, and that Lawrence took the title he now holds with notice of said fraud, and to assist said mortgagor in cheating and defrauding the plaintiff, or at best that he received and holds the deed as a mortgage only; and she asks that the deed from the mort-

gagors to E. J. Blood be canceled, and held void, and the title appearing in Lawrence be held to be operative as a mortgage only, and that the deed made to plaintiff under her foreclosure be decreed to be paramount and superior to all the claims and rights of the several defendants. To this petition the trial court sustained a demurrer, and the plaintiff, electing to stand upon her pleading, has appealed.

The evident care with which the petition is drawn, setting out in minute detail much of the history of the controversy, makes conspicuous its marked omission to state whether plaintiff was made a party to the Sigworth foreclosure. It also studiously avoids any allegation that the grantees holding the title conveyed by Celia E. Blood and Charles N. Blood were made parties to the plaintiff's foreclosure. These allegations we regard essential to plaintiff's cause of action. It was a maxim of the common law that everything in pleading is to be taken most strongly against the pleader. Gould's Pleadings (5th Ed.), section 169. This rule was based upon the very natural theory that every person states his case as favorably to himself as possible, and moreover, that in stating his case for judicial consideration he is in duty bound to state it fully and unequivocally. The strictness of this rule has been much relaxed in courts where Code systems have been enacted. But even under a code, while pleadings are to be liberally construed, and the pleader given the benefit of every allegation made or reasonably implied from the language employed, the principle at the base of the ancient rule, that the party is presumed to have stated his case as strongly as the facts will justify, still prevails. *Beadle v. R. R. Co.,* 48 Kan. 379 (29 Pac. Rep. 696); *Collins v. Townsend,* 58 Cal. 608; *Burkett v. Griffith,* 90 Cal. 532 (27 Pac. Rep. 527, 13 L. R. A. 707, 25 Am. St. Rep. 151); *Rapier v. Paper Co.,* 64 Ala. 330; *Stevenson v. Flournoy,* 89 Ky. 561 (13 S. W. Rep. 210). In other words, nothing will be assumed in favor of the pleader which has not been averred, or may not,

1. PLEADINGS: necessary allegations.

upon a liberal and fair interpretation, be implied from his averments. Abbott's Trial Brief, Pleadings, volume 1, page 100; *Cogswell v. Bull,* 39 Cal. 320; *Smith v. Buttner,* 90 Cal. 95 (27 Pac. Rep. 29); *Stone v. Young,* 4 Kan. 17; *Coolbaugh v. Roemer,* 30 Minn. 424 (15 N. W. Rep. 869); *Hoag v. Warden,* 37 Cal. 522; *Chamblin v. Blair,* 58 Ill. 385. The plaintiff in this case is attacking and asking to have canceled an apparently regular and legal title to land, and her petition, to entitle her to relief, must state facts, which, if admitted, will demonstrate the validity and superiority of her own title. As we have just seen, the law will assume nothing in her favor in addition to the matters which she has expressly or by fair and reasonable implication alleged; and if, when liberally and fairly construed, all the express and implied allegations of the petition may be admitted, and her title still be invalid, or the defendant's title may still be held unimpeached, then the pleading is insufficient, and a demurrer thereto will be sustained. Tried by this test, we think the ruling of the trial court was correct. Everything alleged in the petition may be conceded, and yet plaintiff's claim of title be unsound. It will be observed that this is not a suit to redeem, nor a suit in the nature of a creditor's bill to subject the property to a lien in favor of plaintiff, but is a claim of title, which depends for validity upon the force and effect of the foreclosure of the junior mortgage as opposed to the title acquired by the grantees of the mortgagors.

It is conceded by the petition that plaintiff's mortgage was junior to that held by Sigworth; that the land was sold under foreclosure proceedings upon the senior mortgage; that **2. MORTGAGE FORECLOSURE: failure of second mortgagee to redeem.** plaintiff did not redeem from said sale; that after said sale the mortgagors conveyed the legal title to a third person, and that such title has passed by conveyances, regular in form at least, to the defendant Lawrence. If plaintiff was a party to that foreclosure, she was bound to exercise her right of redemp

tion, if at all, before the expiration of nine months from the date of sale. Code, section 4046. It is the policy of the law to avoid the expense and sacrifice which would be entailed by successive sales of the same property by junior lien holders made parties to a foreclosure; and they are required to protect their claims either by bidding the property up to its fair value at the foreclosure sale or by redemption from such sale within the prescribed period. If such a lienholder omits or neglects to avail himself of either of these provisions made for his benefit, his lien is removed, and the mortgagor may convey his equity or right of redemption unburdened by the claims of any party to the suit, save only the right and claim of the holder of the certificate of sale. *Cooper v. Maurer,* 122 Iowa, 321; *Francestown Bank v. Silver,* 122 Iowa, 685. In the *Cooper Case* we said: " If the property is more than sufficient to pay the mortgage debt, the junior lien holder has it in his power to protect himself by bidding at the sale or by exercising his right of redemption. If he is unwilling to do this, he has no right to complain if some other person, believing there is a margin of profit in the property, takes a conveyance of the remaining equity or right of the debtor, and by redeeming from the sale gets a title purged of the lien of which the creditor has refused to avail himself in the time or manner prescribed by law. The extent of the right of lienholders is to have the property applied to the payment of debts protected or secured by their liens. When such property has once been sold by the sheriff to the highest bidder, and has been successively redeemed by junior lien holders until it reaches a point where the remaining lienholding creditors refuse to make further redemption, it is presumed that the debt-paying power of the debtor's property in the land has been exhausted; and when that is done the lien has served the purposes of its creation, and as to such lien of property is *functus officio.*" When that point is reached, and the lienholding creditors have thus, by their conduct, announced that the amount represented by

the sheriff's sale (with subsequent redemptions, if any) is the utmost value they are willing to concede to the property, they are in no position to charge the mortgagor with fraud if he sell or give away the remnant of right which they have rejected as worthless. Having discarded the shell from which they have extracted the kernel, the defendant's grantor may safely pick it up. True, if the mortgagor retains the title, and redeems after the expiration of nine months, the property will become subject to the claims of his creditors; but such liability will arise under the general law, which subjects the nonexempt property of every person to the payment of his debts, but it does not operate to replace or restore a specific lien which has once been cut off. *Cooper v. Maurer, supra.*

Passing now to the foreclosure sale under the junior mortgage, upon which plaintiff plants her claim of title, she omits, as we have noted, to allege or claim that Blood's grantee, who then held the title to the land, and under whom Lawrence now holds, was made a party, or was in any manner bound or estopped thereby; and without such showing it goes without saying that the decree and the sale and deed thereunder have neither the effect nor the tendency to invalidate Lawrence's title. It would appear, moreover, from the dates given in the pleading, that plaintiff instituted the suit to foreclose her mortgage after the sale of the land under the first mortgage, and that the sheriff's sale under her foreclosure was not had until after the year of redemption from the first sale had expired. Now, the foreclosure of the second mortgage, as against the mortgagors, gave plaintiff no greater right or opportunity to avoid the effect of the first foreclosure than she had prior thereto, and her specific lien or claim upon the land was still liable to elimination by her failure to redeem before the expiration of the nine-months period. She did not redeem, and the land in the hands of Richardson, who then held the legal title, was freed from the incumbrance, the certificate

8. SECOND MORTGAGE: preservation of lien.

of sale under the second foreclosure became of no force or effect, and a deed thereafter taken by plaintiff upon such certificate imparted no title to her.

It is said by the appellant that this effect is avoided by the fact that redemption was made by one of the mortgagors, Charles N. Blood, thus leaving the property subject **4. MORTGAGES:** to plaintiff's lien unembarrassed by the prior **sale of equity; redemption** claim. It is to be admitted that such a re**by mortgagor.** demption is alleged, but it is also alleged that prior thereto Blood had conveyed the land by warranty deed, and, as he was in duty bound to protect the title thus conveyed, his redemption would inure to the benefit of his grantee, and would not operate to create any interest or title in Blood. Under the familiar rule that plaintiff must recover, if at all, on the strength of her own title, rather than upon the defects in the title of the defendant, we think it very clear that her petition must be held insufficient, unless there be allegations of such fraud as necessitate the application of a different rule. We find no such allegations.

It is averred that on February 10, 1899, the mortgagors conveyed the land by warranty deed to their daughter, E. J. Blood, " with intent to hinder and defraud their creditors, and that said conveyance was made for the ex**5. FRAUD: sale of mortgagor's** press purpose and intent to nullify and dis**equity.** possess the plaintiff of all rights and interest she had in the described premises." But at the date of said conveyance the plaintiff's right of redemption had already expired, the lien of her mortgage had been removed, and she had no right to or interest in the land. The mortgagors had left a right of redemption, from which all available debt-paying value had been extracted, and in selling or otherwise disposing of it they perpetrated no fraud, and deprived plaintiff of no property right or security or lien of which she was then possessed. The further allegation that the conveyance was made to a daughter for a nominal consideration adds nothing to the allegation of fraud. When land has been sold

at sheriff's sale, and junior creditors have permitted the time of redemption to expire without attempting to redeem, thus allowing their liens to be removed, we must presume that the remnant of right in the debtor has no substantial value.. The only alternative to the presumption is in the possibility that the debtor may be entirely solvent, and such redemption is not necessary to the protection of creditors, and if such be the case, then no fraud can be predicated upon such a conveyance. In the case before us it may be noted that there is no allegation that the mortgagors were insolvent, or that plaintiff's claim could not have been made from other property.

There is another insuperable objection to the sufficiency of the petition. The claim of plaintiff to disregard the effect of the former foreclosure and to assert her title under the last foreclosure is based upon the alleged fraud-

**6. FRAUD: innocent purchaser.** ulent character of the conveyance from the mortgagors. It is alleged, however, that the conveyance from E. J. Blood to Richardson was by warranty deed, and for a valuable consideration, and, although the petition states " that all the transactions had by said defendants C. N. Blood, C. E. Blood, and E. J. Blood were made and entered into with the intent to cover up and conceal the title of C. N. Blood and C. E. Blood in the premises," it is nowhere claimed that Richardson participated in the fraud, or took the title with any design to hinder or delay the creditors of his grantors; and it is well settled that, to impeach a conveyance as being in fraud of creditors, the grantee must have been a party to the fraudulent purpose. *Bixby v. Carskaddon,* 55 Iowa, 533; *Fifield v. Gaston,* 12 Iowa, 218; *Steele v. Ward,* 25 Iowa, 535; *Kellogg v. Aherin,* 48 Iowa, 299. Under such circumstances the title taken by Richardson was impervious to attack by plaintiff, and the title being good in him is no less good in his grantees. The allegation that Lawrence afterward took the title with knowledge of the fraudulent purposes of the Bloods cannot affect

his right in the premises.    He is protected by the fact that the title of Richardson, through whom he claims, was not tainted by such fraud.    See *Rogers v. Hussey,* 36 Iowa, 664; *Chambers v. Hubbard,* 40 Iowa, 432; *Ashcraft v. DeArmond,* 44 Iowa, 229; *East v. Pugh,* 71 Iowa, 162.

The conclusions above stated being decisive of the appeal, we need not discuss other questions and other authorities presented by counsel.

The judgment of the district court is AFFIRMED.