A. J. KENDIG v. E. E. McCALL and BLANCHE McCALL,
Appellants.

**Execution sales:** REDEMPTION. One who has acquired title to mort-
gaged property through a sale on execution may redeem, from a
subsequent foreclosure and sale of the premises under the
mortgage, at any time within the year allowed the debtor in
which to redeem.

**Same:** REMEDIES. Code section 4057, providing a method of settling
controversies as to the right to redeem from an execution sale,
or the amount to be paid, is not an exclusive remedy; but one

entitled to redeem may tender the amount due and if refused assert his right in a court of equity without actual payment and filing the affidavit provided for in Code Section 4057.

*Appeal from Madison District Court.*—Hon. EDMUND NICHOLS, Judge.

WEDNESDAY, FEBRUARY 6, 1907.

ACTION in equity to set aside a sheriff's deed, and to have established in plaintiff the right to redeem from the sale in pursuance of which the deed was executed. The lower court gave plaintiff a decree allowing him to redeem within fifteen days from the date thereof, and quieting the title of the premises in him upon making such redemption. Defendants appeal.— *Affirmed.*

*John A. Guiher,* for appellants.

*Steele & Robbins* and *G. W. Seevers,* for appellee.

McCLAIN, J.— Plaintiff having secured a judgment against one Low, purchased the forty-acre tract of land in controversy in this case at sheriff's sale under his execution against Low on the 2d day of January, 1904. At this time an action against Low, brought by E. E. McCall, the principal defendant in the present action, was pending, in which McCall asked the foreclosure of a mortgage on the same tract of land. In this foreclosure proceeding the present plaintiff, Kendig, was joined as defendant. A decree of foreclosure in McCall's action against Low was entered in February, 1904, and on March 18th following, the land was sold to McCall under special execution in such foreclosure proceeding. On February 9, 1905, Kendig sought to redeem from the foreclosure sale to McCall, and made further effort to do so on the 15th of March following, but the clerk refused to allow him to make redemption and on

April 15, 1905, a sheriff's deed was issued to McCall in pursuance of the sale in foreclosure.

Two questions are involved in this appeal: First, one of fact as to whether Kendig took the necessary steps between January 2 and March 18, 1905, to effect redemption; and second, one of law, as to whether plaintiff was entitled to make such redemption.

I. Without setting out the evidence in detail, as to the sufficiency of the steps taken by plaintiff to make redemption, it is sufficient to say that it clearly appears that on February 9th, and again on March 15, 1905, plaintiff appeared before the clerk of the court expressing his desire to make such redemption, and having the ability to do so, and that on each occasion he was refused the right on the ground that he was not entitled to redeem. There cannot be the slightest doubt under the evidence that, if the officer had on either occasion conceded plaintiff's right to make such redemption, it would have been effected. The clerk did not object to the sufficiency of the tender or offer, but insisted that plaintiff had no such right. If the right to redeem is established, then the sufficiency of the attempt to redeem was also sufficiently established, and the trial court properly found that plaintiff had done all that was required of him in the way of attempting to exercise his right.

II. The right of plaintiff to redeem is denied on the ground that he was entitled to make redemption only as creditor under Code, section 4046, within nine months after 1. EXECUTION the date of the foreclosure sale, and although SALES: redemption. he had taken a deed under execution on January 2, 1905, which was after the expiration of nine months and before the expiration of one year from the date of the foreclosure sale, he was not entitled to redeem under Code, section 4045, providing that " the debtor may redeem real property at any time within one year from the day of sale." The fundamental question involved then is whether, under Code, section 4045, one who has, within one

year after the foreclosure sale, acquired the debtor's title by an execution sale may assert the same right to redeem which the mortgagor might have exercised had his title not been divested by the intervening sale on execution. This question has, as we understand it, been practically determined by this court. We have held that the debtor may transfer his right to redeem within one year from an execution sale so as to authorize his grantee to make the same redemption which the debtor himself might have made. *Moody v. Funk,* 82 Iowa, 1; *Harms v. Palmer,* 73 Iowa, 446; *Thayer v. Coldren,* 57 Iowa, 110. And in Thayer v. Coldren, *supra,* it was held that, under section 3102, of the Code of 1873, slightly differing in language from the corresponding provision in section 4045 of the present Code, " the defendant " who was entitled to redeem within one year from the date of the sale included the person who was the owner of the land to be redeemed. In that case it was said that, while there was no provision expressly authorizing the vendee of an execution defendant to redeem from a sheriff's sale, such right was secured to him under the provision authorizing redemption by the " defendant."

The only question left for determination, therefore, is whether one who has acquired title from the mortgagor by sale of the mortgaged property under a prior execution stands in the same position as one who has acquired such title by a voluntary conveyance. We see no reason for a distinction between a purchaser at a voluntary sale and one at an involuntary sale. In either case the purchaser acquires all the rights of the debtor, and we hold that the execution purchaser acquires the right of his debtor to redeem from a foreclosure sale of the property, and that he may make such redemption under the provisions of Code, section 4045, authorizing the debtor himself to redeem within one year. The plaintiff was not obliged to content himself with the right to redeem within nine months as a judgment creditor, but he might, if he saw fit, wait until he

had acquired his debtor's complete title by taking a sheriff's deed within the year allowed to his debtor to redeem from the foreclosure sale, and then exercised the absolute and unqualified right of redemption which his debtor would otherwise have had. In effect, the controversy is simply as to which creditor shall have the property on paying off the claims of the other in the event that the debtor himself does not exercise the right of redemption. After January 2, 1905, McCall had no right to redeem from Kendig, for Kendig's execution sale had matured, and he was entitled to, and had received, a deed, and we see no reason why, under this deed conveying to him the entire right in the property of his debtor, he should not as against the foreclosing creditor whose sale had not yet matured into a right to a deed exercise the right of redemption which the debtor would otherwise have had.

III. It is contended, however, for the appellant that, as appellee's right to redeem was contested by the clerk acting under the instructions of appellant, the appellee should have proceeded under the provisions of Code, section 4057, to have such contest determined by filing an affidavit in connection with his tender of the amount necessary to make redemption. This is what the clerk insisted that the appellee should do, and it was on the ground of appellee's refusal to make such affidavit that the clerk refused to receive and receipt for the amount tendered in redemption. This statutory provision first appears in the Code of 1897, and as indicated by the code commissioners in their report was inserted for the purpose of providing " a method of settling controversies as to the right to redeem, or the amount to be paid." But there is nothing in the language of the section itself, nor in the explanation given by the code commissioners to indicate that the remedy provided in that section was intended to be exclusive of the remedy previously existing under which the person entitled to redeem might tender the amount necessary

2. SAME: remedies.

to make such redemption and then assert his right in court by proper proceeding. Without regard to the provision of Code, section 4057, the appellee was unquestionably entitled to make his tender, and, if it was refused, to proceed as he did in equity to have the deed which had been wrongfully made set aside and his statutory right of redemption secured to him. We think the only object and effect of Code, section 4057, is to enable the person desiring to redeem to test his right in a summary way, so that it may, if possible, be established before the time for redemption has expired, and this would often be a valuable privilege, for it might enable him to ascertain in what respect his effort to redeem was insufficient, but, if he sees fit to assert his right in a proper manner and is subsequently able to show that he did, within the proper time, make a sufficient tender, we see no reason why he should not have relief in a court of equity against the denial of the right which has been admittedly asserted. We reach the conclusion, therefore, that appellee's refusal to file an affidavit such as is contemplated by Code, section 4057, in connection with the tender of the amount necessary to redeem did not defeat the appellee's right to relief in this action.

The decree of the lower court was therefore correct and it is *affirmed*.