D. W. Bates, Superintendent of Banking, Receiver of Redfield Savings Bank, Appellant, v. George Mullins, Appellee, William Harold Morrison, Intervenor.

No. 43779.

June 15, 1937.

Burton Russell, for appellee.

R. K. Craft, for appellant.

Harry Wifvat, for intervenor.

KINTZINGER, J.—The plaintiff, as receiver of the Redfield Savings Bank of Redfield, Iowa, commenced this action against the defendant, George Mullins, and codefendant, William H. Morrison, to quiet title to a large tract of land in Dallas County, Iowa. In his answer and counterclaim, the defendant Mullins claims to be the owner of said land, and asks that the title therein be quieted in him. The intervenor Morrison alleges that he has purchased the land in question under a contract from defendant Mullins, and asks that his rights be protected.

There is no dispute about the facts in this case. From the record it appears that George Mullins, the defendant, was, on or prior to October 4, 1928, the owner of the real estate in question. On October 4, 1928, he executed a mortgage of $3,000 to F. E. Hunter on part of the land in question, and on the same date executed another mortgage of $6,500 to said Hunter upon the balance of the land. Both mortgages were duly recorded.

Thereafter, on August 22, 1932, plaintiff commenced an action, aided by attachment, against the defendant Mullins on a promissory note, and secured judgment against defendant on said note in the sum of $4,408. A special execution was issued under said judgment on January 18, 1933, and the property was sold thereunder to the plaintiff on February 20, 1933, for $350. Other real estate belonging to defendant was also sold to satisfy the balance of plaintiff's judgment.

On October 17, 1932, Hunter commenced two actions to foreclose the mortgages executed to him in October, 1928, and secured judgment and decree therein against Mullins in the sum of $3,365.42 in one of the actions, and a judgment and decree of $7,081.92 in the other.

Plaintiff was a party defendant in both of said actions, and in the decrees of foreclosure, plaintiff's lien on the property in question under the certificate of sale issued to him on February 20, 1933, was declared junior and inferior to Hunter's liens under the mortgage foreclosures.

On March 1, 1933, a special execution was issued for the sale of the land in question under the two foreclosure decrees, and the real estate in question covered by said mortgages was sold to F. E. Hunter on April 1, 1933, and a sheriff's certificate of sale of said real estate was executed to him on the same day in each of said cases.

No redemption from said sale was made by the plaintiff within nine months or even within one year after April 1, 1933, when Hunter received his certificates of sale in his foreclosure proceedings. In fact, no attempt was ever made by plaintiff to redeem said real estate from said foreclosure sales.

On May 10, 1934, Hunter duly assigned his sale certificates to defendant Mullins, and such certificates were by him surrendered to the clerk of the district court, and the following entry was made by the clerk on the sales record of said court:

"May 10, 1934. Redeemed by surrender of °certificates by George Mullins, assignee and holder of Sheriff's certificates hereto attached. (Signed by the Clerk)."

The record also shows that said defendant, on or about May 10, 1934, executed a first mortgage of $9,000 to the Federal Land Bank of Omaha, Nebraska, and a second mortgage to the Land Bank Commissioner for $4,000, both of which were duly recorded.

The record also shows that the defendant Mullins, on September 13, 1935, entered into a contract of sale of all of said property to the intervenor, William H. Morrison, and that said contract was duly recorded.

On May 10, 1934, plaintiff obtained a sheriff's deed on the certificate of sale issued to him on February 20, 1933. Plaintiff bases his claim to have his title quieted in the land in question upon this deed. Defendant Mullins asked to have his title quieted in said land against the plaintiff and subject only to the rights of the intervenor and the two mortgages executed to the Federal Land Bank of Omaha and the Land Bank Commissioner in the sum of $9,000 and $4,000, respectively, upon the ground

that plaintiff failed to make statutory redemption from the Hunter foreclosure sales within the time required by statute.

The record also shows that the defendant made a request for a deed from plaintiff before filing his counterclaim or cross-petition to quiet title in him.

Plaintiff was also made a party defendant in the foreclosure proceedings commenced by Hunter, and the lower court decreed that whatever rights the plaintiff had in said property by reason of his certificate of sale were junior and inferior to Hunter's mortgages. The court found in favor of defendant Mullins as prayed, and entered judgment against plaintiff for costs. Plaintiff appeals.

The only question for consideration in this case, therefore, is whether or not the lien obtained by plaintiff under the execution sale to him on February 20, 1933, was extinguished because of his failure to redeem from the sales to Hunter in his foreclosure proceedings on April 1, 1933.

 Appellee contends that plaintiff's right to redeem expired within nine months after April 1, 1933, or by January 1, 1934. This contention is supported by the following cases: Cooper v. Maurer, 122 Iowa 321, 98 N. W. 124; Francestown Savings Bank v. Silver, 122 Iowa 685, 98 N. W. 498; Danford v. Lindsey, 178 Iowa 834, 160 N. W. 318; Pierce v. White, 204 Iowa 1116, 216 N. W. 764; Tirrill v. Miller, 206 Iowa 426, 218 N. W. 303; Paulsen v. Jensen, 209 Iowa 453, 228 N. W. 357.

There is, however, authority for the statement that after a judgment lienholder purchases the property at an execution sale and receives a sheriff's deed therefor, he is entitled to twelve months within which to redeem, on the theory that he then is entitled to the rights of the defendant under section 11774 of the Code of 1935. Thayer v. Coldren, 57 Iowa 110, 10 N. W. 300; Kendig v. McCall, 133 Iowa 180, 110 N. W. 458, 119 Am. St. Rep. 594.

In Kendig v. McCall, 133 Iowa 180, loc. cit. 183, 110 N. W. 458, 459, 119 Am. St. Rep. 594, this court said:

"In Thayer v. Coldren, * * * it was held that, under section 3102, of the Code of 1873, slightly differing in language from the corresponding provision of section 4045 of the present Code [1897], 'the defendant' who was entitled to redeem within one year from the date of the sale included the person who was the

owner of the land to be redeemed. In that case it was said that, while there was no provision expressly authorizing the vendee of an execution defendant to redeem from a sheriff's sale, such right was secured to him under the provision authorizing redemption by the 'defendant'.''

In the case at bar, however, plaintiff did not receive a deed until long after his right to redeem had expired.

It is unnecessary, however, to consider this question here, because plaintiff failed to redeem within one year after the foreclosure sales to Hunter on April 1, 1933. Therefore, under either rule, plaintiff's right of redemption had expired because he did not make redemption from the senior lienholder within twelve months after the foreclosure sales to Hunter on April 1, 1933. After that time all rights of redemption by the plaintiff were extinguished. Moody v. Funk, 82 Iowa 1, 47 N. W. 1008, 31 Am. St. Rep. 455; Cooper v. Maurer, 122 Iowa 321, 98 N. W. 124; Witham v. Blood, 124 Iowa 695, 100 N. W. 558; Stiles v. Bailey, 205 Iowa 1385, 219 N. W. 537.

In Witham v. Blood, 124 Iowa 695, loc. cit. 699, 100 N. W. 558, 559, in discussing this question, this court said:

''It is conceded * * * that plaintiff's mortgage was junior to that held by Sigworth; that the land was sold under foreclosure proceedings upon the senior mortgage; that plaintiff did not redeem from said sale; *that after said sale the mortgagors conveyed the legal title to a third person,* and that such title has passed by conveyances, regular in form at least, to the defendant Lawrence. *If plaintiff was a party to that foreclosure, she was bound to exercise her right of redemption, if at all, before the expiration of nine months from the date of sale.* Code, section 4046 [now sec. 11776]. It is the policy of the law to avoid the expense and sacrifice which would be entailed by successive sales of the same property by junior lienholders made parties to a foreclosure; and they are required to protect their claims either by. bidding the property up to its fair value at the foreclosure sale or by redemption from such sale within the prescribed period. *If such a lienholder omits or neglects to avail himself of either of these provisions made for his benefit, his lien is removed, and the mortgagor may convey his equity or right of redemption unburdened by the claims of any party to the suit.*'' (Italics ours.)

In Cooper v. Maurer, 122 Iowa 321, loc. cit. 326, 98 N. W. 124, 126, this court said:

"If the property is more than sufficient to pay the mortgage debt, the junior lienholder has it in his power to protect himself either by bidding at the sale or by exercising his right of redemption. If he is unwilling to do this, he has no right to complain if some other person, believing there is a margin of profit in the property, takes a conveyance of the remaining equity or right of the debtor, and by redeeming from the sale gets a title purged of the lien of which the creditor has refused to avail himself in the time or manner prescribed by law."

By the sale of the real estate in question for $350 and by the sale of other real estate belonging to the defendant, the judgment against defendant Mullins was satisfied. After obtaining his certificate of sale, plaintiff had only a statutory right to redeem from the senior liens of the mortgagee.

■■■ Appellant contends that the deed obtained by him on the execution sale under his judgment is valid against any claims of the defendant or intervenor, because the assignment of the certificates of sale under the foreclosure proceedings by Hunter to Mullins amounted to a merger of the mortgages with Mullins' title to the land.

The record shows, however, that plaintiff failed to redeem from the Hunter foreclosure proceedings within the statutory period of redemption for more than a year after the sale of the property to Hunter. The assignments of Hunter's certificates to the defendant Mullins were, therefore, made after plaintiff's right to redeem had expired. Mr. Hunter was entitled to a sheriff's deed on May 10, 1934, and as plaintiff's right to redeem had expired before that time, such a deed would have given Hunter a title to the premises, free and clear of any claim of the plaintiff, as junior lienholder. Danford v. Lindsey, 178 Iowa 834, 160 N. W. 318. Under such circumstances, the assignee of Hunter's certificates of sale was vested with all rights of Hunter in and to said premises.

■■■ Hunter purchased the property at foreclosure sales on April 1, 1933. The statutory rights of plaintiff to redeem from such foreclosure sales expired before April 1, 1934. As no redemption was made by plaintiff prior to that time, his lien on said property was extinguished, and plaintiff's rights under his

certificate became a nullity at that time. Witham v. Blood, 124 Iowa 695, 100 N. W. 558; Stiles v. Bailey, 205 Iowa 1385, 219 N. W. 537. The deed issued by the sheriff to plaintiff after plaintiff's right ·of redemption had expired was likewise of no effect, and a nullity.

██ The defendant Mullins was at all times the title holder to this property. The status of Hunter was fixed as a senior lienholder, and that of the plaintiff as junior lienholder. May 10, 1934, was more than one year after Hunter's foreclosure certificates of sale were issued, and plaintiff's rights as a junior lienholder had expired before that time. If, therefore, Hunter had taken title to the property under his certificates of sale, the plaintiff, after the expiration of his statutory period of redemption, would have had no further rights in the property. Hunter, however, assigned his certificates to defendant Mullins, who thereby acquired all rights possessed by Hunter.

As the sheriff's sale certificates under the foreclosure proceedings were assigned to the defendant Mullins on May 10, 1934, he became entitled to all rights of Hunter thereunder, as holder of the certificates assigned to him by Hunter. Bevans v. Dewey, 82 Iowa 85, 47 N. W. 1009; Bleckman v. Butler, 77 Iowa 128, 41 N. W. 593, Mullins could, therefore, sell the property to a third party free of all claims held by plaintiff, as a junior lienholder. Cooper v. Maurer, 122 Iowa 321, 98 N. W. 124; Witham v. Blood, 124 Iowa 695, 100 N. W. 558; Paulsen v. Jensen, 209 Iowa 453, 228 N. W. 357.

It may be that Mullins had no statutory right of redemption from Hunter after the expiration of his year of redemption, which was April 1, 1934. Bank v. Lord, 204 Iowa 439, 215 N. W. 716. But, as said by the lower court:

"Hunter is making no complaint, he surrendered the certificate to Mullins, and it seems * * * the effect was the same as if Mullins had made a statutory redemption, or as if he had obtained a deed from the sheriff under the Hunter certificate, for it is the policy of the law to protect the title holder, and to allow Mullins to rest assured of the fact that * * * (plaintiff) having gambled the $350 bid, and failed to protect it he had no further rights."

The lower court found against the plaintiff and held that the defendant Mullins was entitled to have his title quieted in

the property, subject only to the rights of William H. Morrison, intervenor, and the mortgages executed to the Federal Land Bank of Omaha, Nebraska, and the Land Bank Commissioner, hereinabove referred to, and entered judgment against plaintiff for costs.

■■ It appears from the record that defendant also asked judgment against plaintiff for attorney's fees. The court found that the plaintiff commenced his action in good faith, and, therefore, refused to enter judgment against him for attorney's fees.

For the reasons hereinabove expressed, it is our conclusion that the decree of the lower court was right. Its judgment and decree is, therefore, hereby affirmed.—Affirmed.

RICHARDS, C. J., and ANDERSON, DONEGAN, PARSONS, HAMILTON, MITCHELL, SAGER, and STIGER, JJ., concur.