BAY v. HARNETT ET AL.

1. **Execution Sale:** MISTAKE OF FACT: EQUITABLE RELIEF. Where the sheriff at an execution sale led the purchaser to believe that the surplus of his bid, after satisfying the execution, would be applied to the extinguishment of a certain mortgage, which was a prior lien upon the premises, and the purchaser bid enough to satisfy both liens, expecting to receive an unencumbered title to the property, it was held to be a mistake of fact, and that equity would grant relief by setting aside the sale.

*Appeal from Monroe District Court.*

MONDAY, APRIL 24.

THE plaintiff brings this action to set aside the sale to him of certain lands, by Samuel F. Miller, sheriff, and for the refunding to him, by the sheriff, of the purchase price of said land. The court granted the plaintiff the relief prayed for. The defendant, Maurice Harnett, appeals. The facts are stated in the opinion.

*H. L. Dashiel* and *W. A. Nichol,* for appellant.

*Perry & Townsend,* for Elizabeth Harnett.

*H. B. Hendershott,* for appellee.

DAY, J.—On the 3d day of March, 1880, the land in question, consisting of seventy-two acres, was offered for sale by the defendant, Samuel F. Miller, sheriff, under an execution for $229, issued upon a judgment in favor of Elizabeth Harnett and against Maurice Harnett, in a suit for divorce. The

1. EXECUTION sale: mistake of fact : equitable relief.

plaintiff on the day of sale came to Albia with the intention of buying said land at the sale. The defendant, B. F. Elbert, held a mortgage upon said land for about $600, which was a lien upon the land prior to the lien of the judgment under which the land was to be sold. Elbert represented to the plaintiff that if he would bid

enough to cover the lien of judgment and of the mortgage, the law would appropriate what was left, after paying off the execution, to the satisfaction of the mortgage, and he would take the money and acknowledge satisfaction on the records, so he would get a certificate from the sheriff, and if the land was not redeemed in one year, he would get a sheriff's deed and hold the land free from any lien of the mortgage, and that he might rely upon his word that this was the law governing the case. Elbert and Bay then asked the opinion of T. B. Perry, Esq., one of the attorneys for Mrs. Harnett in the divorce suit, and who ordered the execution under which the land was sold. Mr. Perry being in a hurry and taking but little time for reflection, answered unhesitatingly that if the land should be sold for more than enough to satisfy Mrs. Harnett's execution, the surplus would have to be applied to the satisfaction of the mortgage lien held by Elbert. Afterward the plaintiff went to Mr. Perry's house, and Mr. Perry told him he had no doubt about the matter, that the surplus would have to be applied on the mortgage. Just before the land was offered for sale, Mr. Elbert and Mr. Perry had a consultation with the sheriff, in which they said to him, if the land was sold for more than enough to satisfy the execution, the surplus would have to be applied on the mortgage lien held by Elbert. The sheriff did not dispute the statement. Pending this conversation Mr. Harnett came up, and Mr. Perry stated in his presence that whatever surplus there would be, after satisfying said execution, would have to be applied to the satisfaction of the mortgage liens represented by Mr. Elbert. The land was then offered for sale, and plaintiff bid $850. William Niel bid $5.00 more. Bay and Niel so bid alternately until the land was declared sold to Niel for $895. When the sheriff asked Niel to pay his bid he refused, saying that he had been bidding for Mr. Harnett, and he wanted to pay the amount of the execution, and give Mr. Harnett's receipt for the balance. The sheriff refused to accept this, and again offered the land for sale, and sold it to

the plaintiff for $860. Before the land was offered the second time Elbert and Perry again stated to the plaintiff, in the presence of the sheriff and Harnett, that if the land sold for more than enough to satisfy the Mrs. Harnett execution, the balance would have to be applied by the sheriff on the mortgage lien. Before the second sale the plaintiff knew that Harnett wanted to receipt to Niel for what was bid more than the execution, and that Perry and Harnett did not agree as to the right to so receipt. Just before the sale the sheriff told the plaintiff he was going to sell the land to pay both debts. The plaintiff bid $860 for the land supposing he would get a good title without any incumbrance. When the plaintiff paid the amount of his bid to the sheriff, he said he would apply the surplus on the mortgage. The sheriff applied enough of the bid on Mrs. Harnett's execution to pay it off. When Mr. Perry requested the sheriff to apply the balance on Mr. Elbert's mortgage, he refused, stating that Mr. Harnett had objected, and demanded that the money be paid to him, and that, for his own protection, he had determined to hold the money until the court would determine the matter. Before this, however, the sheriff stated to Elbert and Perry, in Mr. Bay's hearing, that he regarded the law as stated by them to be correct, and that the surplus, after paying Mrs. Harnett's execution, would have to be applied to the satisfaction of the mortgage lien. On the 7th day of April, 1880, Maurice Harnett commenced an action against the sheriff to recover the surplus of plaintiff's bid in the sheriff's hands after satisfying the execution. In this case the plaintiff intervened. Upon the motion of the intervenor that cause was consolidated with the present action instituted by plaintiff. The court set the sale aside, ordered the money paid by plaintiff to be refunded to him, that the judgment in favor of Elizabeth Harnett be revived, and that the law action commenced by Maurice Harnett against the sheriff be dismissed.

It is now conceded by all parties that Elbert, Perry, the

sheriff and the plaintiff, were all mistaken as to the manner in which the law would appropriate the surplus of the plaintiff's bid, and that the sheriff cannot, lawfully apply it to the satisfaction of Elbert's mortgage. The parties do not very materially differ as to the powers of a court of equity to grant relief upon the ground of a mere mistake of law. The appellant does not insist that a party is never entitled to relief on account of a mistake of law, but claims that as a general rule relief is not granted in such cases, and that the exceptions to the rule are not only few in number but will be found to have something peculiar in their character and to involve other elements of decision. In support of this position appellant cites: 1st Story's Equity, section 116. Upon the other hand the appellee concedes that the general rule is, that equity will not relieve against mistakes of law, but claims that there are exceptions to the rule, and that this case falls under some of the recognized exceptions. In the view we have taken of this case we do not deem it necessary to enter upon the inquiry thus suggested. The plaintiff's mistake was not, it seems to us, an unmixed mistake of law. The sheriff, who was, in some sense, the agent of both parties, assured the plaintiff that he was selling the land to satisfy both liens. By his conduct and declarations he induced the plaintiff to believe that the surplus of his bid would be applied by the sheriff to the extinguishment of the Elbert mortgage. When the plaintiff consummated his purchase by the payment of his bid, the sheriff said he would apply the excess to the mortgage lien. These were all representations as to facts; not as to what the law would do, but as to what the sheriff was doing and would do. As the sheriff will not, and cannot, apply the proceeds in the manner represented, the plaintiff has been misled as to material facts, and, upon that ground, is entitled to relief.

AFFIRMED.