## KENMARE HARD COAL, BRICK, & TILE COMPANY v. ANNA T. RILEY, T. L. Beiseker, and Beiseker & Company.

(126 N. W. 241.)

**Mortgage Foreclosure — Redemption — Promise to Extend Time to Redeem.**

1. The right to redeem from a sale on foreclosure of a real estate mortgage after the year allowed by law for a redemption, under a claim of relying on a promise by the purchaser to accept payment at redemptioner's convenience, will not be upheld unless it appears by clear and convincing evidence that such promise was made and in good faith relied on.

**Same — Estoppel.**

2. If a promise to allow a redemption after the year has expired is made and relied on to the redemptioner's detriment, the purchaser is estopped from denying the right to redeem.

**Mortgage Foreclosure — Redemption — Estoppel — Evidence.**

3. In a letter from the purchaser at such foreclosure sale to the owner of said land, the following language was used: "We will also say that if you do not care to pay up this matter now, let it go to suit your convenience, as the matter is drawing interest at the rate of 12 per cent." *Held*, in view of the indefinite character of the statement and the evidence in relation to the intention of the owner to redeem within the year, that the right to redeem after the year expired was not shown by that clear and convincing evidence required in this class of cases.

Opinion filed April 11, 1910.

Appeal from District Court of Ward county; *Goss, J.*

Action to redeem from sheriff's deed on the foreclosure of a mortgage. Judgment for plaintiff. Defendant appealed.

Reversed.

*Bessesen & Berry* (*Turner, Wright, & Lewis,* of counsel), for appellant.

Authority to collect a mortgage debt, foreclose such mortgage, and receive money upon redemption, does not authorize extension of period to redeem. Karcher v. Gans, 13 S. D. 383, 79 Am. St. Rep. 893, 83 N. W. 431; Wilken v. Voss, 120 Iowa, 500, 94 N. W. 1123; Ormsby v. Graham, 123 Iowa, 202, 98 N. W. 724; Gilbert v. Garber, 62 Neb. 464, 87 N. W. 179; Western White Bronze Co. v. Portrey, 50 Neb. 801, 70 N. W. 383; Union School Furniture Co. v. Mason, 3 S. D. 147, 52 N. W. 671; National Bank v. Johnson, 6 N. D. 180, 69 N. W. 49; First Nat. Bank v. Prior, 10 N. D. 146, 86 N. W. 362.

Acts amounting, in legal effect, to a redemption must be shown. Dunn v. Hunt, 63 Minn. 484, 65 N. W. 948; Dawson v. Overmyer, 141 Ind. 438, 40 N. E. 1065; Hoopes v. Bailey, 28 Miss. 328; Hyman v. Bogue, 135 Ill. 9, 26 N. E. 40; Chielovich v. Krauss; Brown v. Smith, 13 N. D. 580, 102 N. W. 171.

*Robert H. Bosard* and *G. W. Twiford,* for respondent.

In an equitable action to redeem, tender is unnecessary. Casserly v. Witherbee, 119 N. Y. 522, 23 N. E. 1000.

MORGAN, Ch. J. This is an action to redeem from a sale of real estate under a power of sale contained in a mortgage. The owner of the land was Malcolm McBride, who mortgaged it to Clara A. Beiseker on December 8th, 1900, to secure the payment of the sum of $250, with 12 per cent interest thereon. This mortgage was assigned to the defendant Anna T. Riley on January 7th, 1901. On the 3d day of June, 1905, it was foreclosed by advertisement, and the land bid in at the sale by said Anna T. Riley, for the amount of said mortgage and interest at 12 per cent from date, and costs and taxes, being in all the sum of $496.21. The foreclosure of the mortgage is conceded to have been regular. The issue raised by the pleadings is whether the defendant T. L. Beiseker, as agent for the defendant Riley, extended the time during which a redemption might be made from the sale.

The plaintiff was the owner of the land at the time of the foreclosure. In reference to the right of the plaintiff to redeem, the complaint contains the following allegations: "That thereafter, to wit, on or about November 25th, 1905, said Beiseker & Company, by T. L. Beiseker,

in writing informed said plaintiff that in case that plaintiff did not desire to pay the amount due on said mortgage at that time, or within the time allowed by law for the redemption of the said foreclosure, that said company might have such further time as suited its convenience to make such payment, provided, that said company pay interest on said amount at the rate of 12 per cent per annum until paid." This allegation of the complaint is denied by the answer.

What transpired between J. A. Wright, the agent for the plaintiff, and T. L. Beiseker, agent for the defendant, in reference to the alleged extension of the time during which a redemption might be made, was through letters. Some of these letters are in evidence, and are, so far as material, as follows: The foreclosure sale was made on June 3, 1905, and the one year allowed for redemption therefrom expired on June 4th, 1906, being Sunday. On November 14th, 1905, Wright wrote Beiseker & Company at Fessenden, North Dakota, and inclosed a check for $315 as payment in full for said mortgage. On November 21st, Beiseker answered this letter and informed Wright that said mortgage had been foreclosed and that the amount necessary to redeem from the foreclosure was $529.38, and that upon receipt of $214.38 in addition to the $315, he would have the sheriff issue to him a redemption certificate. On November 23, 1905, Wright wrote Beiseker in answer to the letter of November 21st, and complained of the charges for costs and interest; and asked for a detailed statement of the amount necessary to redeem. On November 25th, Beiseker sent a detailed statement of the taxes paid, interest since the execution of the mortgage at 12 per cent, attorney's, printer's, sheriff's fees, and recording fees, making the amount due at the date of the writing said letter, $529.38. In that letter is contained the following statement: "There is no use of our getting into abortive argument over this matter, but we feel that the present holder of that mortgage has carried you beyond reason, and if it is true that you were ready to pay this matter years ago, we exclaim, why didn't you? We will also say that if you do not care to pay up this matter now, let it go to suit your convenience, as the matter is drawing interest at the rate of 12 per cent." The $315 was returned to Wright in this letter.

This letter was never answered by Wright, and there was no further communication between the parties in reference to the mortgage until

June 6th, 1906, after the deed had been issued, when Wright wrote from Kenmare, North Dakota, to Beiseker & Company, at Fessenden, North Dakota, as follows: "My Dear Sir: Kindly drop me a line by return mail and let me know how soon the McBride mortgage, that was foreclosed, has to be redeemed, and greatly oblige. Also let me know the amount needed, and would you discount the attorney's fees if paid at once?"

On June 11th, Beiseker & Company answered Wright's letter, as follows: "Mr. J. A. Wright, Kenmare, North Dakota, Dear Sir: Replying to yours of June 6th relative to the McBride foreclosure, will say that this property went to sheriff's deed on June 5th." On June 14th Wright wrote Beiseker & Company as follows: Gentlemen: I sent you a letter on June 1st, asking for the exact amount necessary for the redemption of a certain mortgage given by Malcolm McBride, covering lots. . . . I have received no answer. No doubt the letter has been lost, as it was an important letter which you would certainly have replied to had you received it. I think, from my memory of your former letters, that this should be sent you some time in June. Hence I will not wait longer for reply, and will inclose herewith a check for the sum of $560. No doubt that will be sufficient to cover the entire cost, and if it is more than necessary you can return the balance and also the certificate of redemption. If this amount is not correct, kindly notify me at once, and I will remit if more is needed." On June 16th Beiseker & Company answered this letter, returning the check for $560, and informed Wright that a sheriff's deed was issued on June 5th, 1906.

The complaint in substance alleges that Beiseker fraudulently agreed to an extension of the redemption period, and thereby induced the plaintiff to allow one year to expire without redeeming, in reliance on such promise. The answer denies making of the promise, and denies all of the allegations of the complaint in regard to the extension of time and the reliance thereon after the period of one year had expired, and alleges the foreclosure of the mortgage and the purchase of the premises at the foreclosure sale by the defendant Riley, who thereby became the absolute owner thereof, and that she thereafter conveyed the same to the defendant T. L. Beiseker, who is now the absolute owner thereof.

The trial court made findings of fact and conclusions of law favorable to the plaintiff, and adjudged that it is entitled to redeem from the sale. There was no finding of fraudulent intent on defendants' part. The defendants have appealed from that judgment, and demand a trial *de novo* in this court, under the provisions of § 7229, Rev. Codes 1905. The findings of fact of the trial court are attacked, and defendants claim that the evidence does not sustain them. The appellants especially challenge the finding of the district court to the effect that the plaintiff relied upon the statement contained in the letter of November 25th, 1905, and claim that the evidence does not sustain it.

It clearly appears from the evidence that Beiseker did not intend to mislead the plaintiff in any way as to the time when the redemption period expired, and that he did not intend to lead Wright to believe that payment at any time in the future would be satisfactory. The only questions remaining, then, are, Did the language of the letter of November 25th justify Wright in relying upon it as an unconditional promise to accept payment at any time in the future; and if he was justified in doing so, Did Wright actually rely on what was there said, and, in consequence thereof, did not redeem within the year?

Whereas the language of the letter is extremely indefinite, it may be sufficient, considered alone, to have led Wright to believe that he had a right to redeem after the year expired. However that may be, we do not think that there is any reasonable support for the contention that it was actually relied on as such by Wright. We reach the opposite conclusion as to this matter, which is that Wright did not rely upon that letter until he found that the time for redemption had expired. After the letter of November 25, there was no correspondence between the parties until June 6th. Wright's conduct after the letter of November 25th and his letters in June, 1906, clearly show that he intended to redeem during the year. In his letter of June 6th, he asks: "How soon the McBride mortgage, that was foreclosed, has to be redeemed, etc. Also let me know the amount needed, and would you discount the attorney's fees if paid at once?" If he was relying on an unlimited extension, he would not naturally have asked concerning anything except the amount due. It was utterly immaterial when a redemption must be made if he was relying upon the letter of

November 25th, and he would not naturally have asked for a reduction of the amount of the attorney's fees if he deemed himself to be redeeming in pursuance of the letter.

In his letter of June 14th, Wright states: "I think, from my memory of your former letters, that this should be sent you some time in June. Hence, I will not wait longer for reply, but inclose herewith a check for the sum of $560." If he was relying upon the right to redeem from the mortgage at any time in the future, why should he be under the impression from memory that the redemption money should be sent in June? There was nothing in the letter from which he had a right to conclude that the so-called extension was at all limited to a payment in June. In his evidence Wright testifies that he started for Fessenden (Beiseker's residence) to redeem from the foreclosure sale, but that he did not stop over there because his ticket did not permit a stop-over at that time, and that he went on to Kenmare. He arrived at Kenmare before the time for a redemption had expired.

The statement in the letter is so very general that it may well be doubted whether either of the parties thought at the time that it could refer to time beyond the year. There is nothing in the letter expressly relative to the expiration of the period of redemption. What he meant by this indefinite language is explained by Beiseker, and he expressly denies that he intended an extension at Wright's option, indefinitely. He states that the broad language referred to was used in view of the fact of the long time before the redemption period expired, and with the knowledge that the assignee was satisfied to allow the matter to continue at 12 per cent interest until the redemption expired. It seems incredible that a man of Wright's extensive business experience would deliberately rely on such general and indefinite language made by one between whom and himself existed no relations of trust or friendship. On the other hand it seems incredible that a business man of Beiseker's experience would consent to such an indefinite extension beyond the period of redemption, without making any provision for the payment of the interest on which his principal relied. If such a promise or proposition had been made at about the time the redemption period was to expire, there would be some force in the contention that it was relied upon. These considerations, together with the letters and other evidence, convince us that Wright did not rely upon the

statement in the letter. Unless he relied upon it in good faith, and was influenced or lulled thereby into not redeeming within the year, he cannot now bring the letter into the case, claiming that he relied upon it at that time. The reliance upon it must have been actual and in good faith from time of receiving it. The burden is upon him to prove that fact.

In view of these facts and the exceedingly general language of the letter and the time when made, and that the letter did not unequivocally refer to accepting payment after the year, we are convinced that redemption should not be allowed, as there is no right shown thereto by that clear and convincing evidence required in this class of cases.

There is no dispute as to the legal principles applicable. There is no claim of a contract right of redemption. The only claim is that plaintiff was led to forego a redemption within the year by the statement or promise contained in the letter, which he relied on, and that the defendant is therefore estopped from now denying that right.

As in all equitable actions of a similar character, the right to redeem as against a deed would not be upheld except on evidence of a clear and convincing nature. Measured by that standard, the showing in this case fails. Granting a redemption on the vague, unsatisfactory, and contradictory evidence in the record, would expressly jeopardize titles by deeds and render them of no practical value, although based on regular, satisfactory proceedings.

The judgment of the District Court is reversed and the action dismissed. All concur.