L. E. ARONSON, Appellant, v. R. G. HOSKINS, Administrator, et al., Appellees.

**EXECUTION:** Sale—Redemption—Redemption by Probate Creditor.
1    The holder of a legally established claim in probate need not rely on his right to be paid from the funds—if sufficient—arising from the administration of the estate, but may become a redemptioner of the real estate of the decedent which has been sold on execution and which is yet subject to redemption by creditors, (1) by pursuing, within the statutory period, the course prescribed for redemption by creditors in general, and (2) by applying during said period to the district court (or to a judge thereof) of the county wherein the land is situated, for an order, on due notice and hearing, permitting and confirming such right of redemption; and it is quite immaterial that the time for such hearing is fixed and had, and the order granted, on a day subsequent to the expiration of said statutory period.

**EXECUTION:** Sale—Vacation—Insufficient Ground. A sale on execu-
2    tion will not be set aside solely on the plea of the purchaser that he made a mistake in the amount of his bid. (See Book of Anno., Vol. 1, Sec. 11728, Anno. 13 *et seq.*)

Headnote 1: 23 C. J. pp. 716 (Anno.), 719, 720 (Anno.) Headnote 2: 23 C. J. p. 671.

*Appeal from Madison District Court.*—J. H. APPLEGATE, Judge.

FEBRUARY 19, 1926.

THE original action was brought to foreclose a mortgage. The question involved in this appeal is as to the right of redemption. The facts appear in the opinion.—*Affirmed.*

*White & Clarke,* for appellant.

*Henry H. Griffiths,* for appellee.

FAVILLE, J.—One Harry Hill was the owner of certain lands in Madison County. He executed a real estate mortgage on said lands to appellant herein, to secure an indebtedness of

1. EXECUTION: sale: redemption: redemption by probate creditor.

$18,000. Thereafter, the mortgagor and his wife died, leaving a minor child as sole heir. Said child is under guardianship. One Hoskins was appointed administrator of the estate of the said Hill. Subsequently, appellant instituted action for foreclosure of said mortgage. The case proceeded to final decree, and special execution was issued. The mortgaged premises were levied upon, and the sale was duly advertised, and was held on April 1, 1924. At said time, the sheriff offered the lands in separate parcels, as required by statute, without receiving bids therefor, and finally offered the tract *en masse*. At said time, appellant bid the sum of $1,000 for the entire property. This was the only bid. The sheriff's certificate was executed and delivered to appellant. Under the statute, the period of redemption for all parties except the mortgagor would have expired on January 1, 1925. On December 26, 1924, appellee made a redemption from said sheriff's sale. She paid into the hands of the clerk of the district court of Madison County the amount of the bid of appellant, with interest thereon to said date, and in making said redemption she also filed with the clerk her affidavit, stating that she had established a claim in her behalf against the estate of the decedent, Hill, for the sum of $32,000, and that she did not wish to credit the full amount of her claim, but elected to allow on her claim the sum of $14,000 in making said redemption. On the same day in which appellee made her redemption and filed affidavit in the office of the clerk of the district court, she filed her application with the clerk of said court praying that time of notice be fixed and a date for hearing be set, and that the redemption made by her be approved and established by the court, and her right to make such redemption be fully preserved and protected. On said date, the said application was presented to one of the judges of the district court, who entered an order finding that the applicant had an established claim, and had the right of redemption which she had exercised, and fixing the time for hearing on said application as February 3, 1925, and directing that ten days' notice

of said hearing be given. Due notice was served upon the parties in interest, and a hearing was had. The only contestant at said hearing was appellant herein, who sought the dismissal of said application, and prayed that, in the event that the court held that the said appellee was entitled to redeem, she be required to pay the full amount of appellant's judgment, and also prayed that said sale be set aside, and that special execution issue, directing a resale of said premises. The court established the right of appellee to redeem from said sale, and decreed that said redemption by her had been legally and properly made, and that she was entitled to an assignment of the sheriff's certificate to her and to a sheriff's deed at the expiration of the year, unless proper redemption was made, and denied to appellant herein any of the relief sought by him.

The undisputed evidence shows that, after the death of Hill, appellee filed her claim against the estate of the said Hill, based upon three certain promissory notes held by her, aggregating the sum of $32,000; that her claim was allowed by the administrator of the estate of Hill, and was subsequently allowed and established as a claim against said estate by the probate court of Polk County, on December 18, 1924. The appeal involves the question of whether, under the foregoing facts, appellee was entitled to redeem from the said sheriff's sale.

I. Section 11778, Code of 1924, was in force at the time the said redemption was made. Said section is as follows:

"The owner of a claim which has been allowed and established against the estate of a decedent may redeem as in this chapter provided, by making application to the district court or any judge of the district where the real estate to be redeemed is situated. Such application shall be heard after notice to such parties as said court or judge may direct, and shall be determined with due regard to rights of all persons interested."

Said Section 11778 is a portion of Section 4046 of the Code of 1897. It does not appear to have been enacted prior to the adoption of the Code of 1897.

It appears without dispute that appellee filed her claim in the manner provided by the statute; that the same was duly approved by the administrator of the estate of Hill; and that the claim was duly established by the district court of Polk

County. Primarily, claims established against the estate of a decedent are to be paid by the administrator out of the personal property of said estate. Section 11932, Code of 1924. If the personal effects are inadequate to satisfy the debts and charges, then the executor or administrator may be ordered by the court to sell the real estate for the purpose of paying claims. Section 11933, Code of 1924. The statute in question, Code Section 11778, is not in the chapter on estates of decedents, but is in the chapter on redemption. The evident purpose of the enactment of this statute was to give a creditor of a decedent who had a legally established and approved claim, the rights of a redemptioner. Under this statute, a claimant is not compelled to look only to the personal assets through the mediumship of the administrator of the estate, or even to what may be realized by the administrator in the sale of real property for the satisfaction of claims. ·

Counsel for appellant places reliance upon the case of *Byer v. Healy*, 84 Iowa 1. That case was decided in 1891, before the enactment of Section 4046 of the Code of 1897, and the case turned upon the fact that there was no evidence whatever that the claim had ever been duly established. We called attention to the fact that there was no sufficient evidence of the approval or allowance of the claim, and that it was not allowed by the clerk, nor did the administrator's admission of the claim appear to have been with the approbation of the court. We said:

"* * * we think it very clear that this claim was never approved and allowed, as required. * * * This claim was clearly not so established as to become a lien, even if established claims may become liens."

The case is in no way controlling in the instant case. Here, the claim of appellee was not only allowed by the administrator, but was duly established by the probate court of Polk County. Whether or not a probate claimant could become a redemptioner, in any event, under the former statute, was not decided in the *Byer* case.

There is no question but that appellee paid the amount required to be paid to effectuate a legal redemption from the sheriff's sale, and that the said payment for the purpose of redemption was made to the clerk after the expiration of six

months, and within the nine-months period in which a redemption is allowed to creditors. It is obvious at the outset that Section 11778 must be read in connection with the other provisions of the statute in respect to the mode of redemption. It is not questioned but that appellee made redemption in the mode provided by Section 11789, Code of 1924. She therefore, under the undisputed record in the case, had a duly allowed, approved, and established claim in the probate court of Polk County against the estate of the decedent. As such probate claimant, she proceeded, within the time and in the mode provided for redemption, to make full and legal redemption from the sheriff's sale. At the same time, she filed an application in the district court of the district where the real estate was located, and an order was then entered by a judge of the said court, providing for notice and fixing a time for hearing on said application at a period which was beyond the nine-months limit fixed by statute for the period of redemption. Appellee had no lien against any of the real estate belonging to the decedent by virtue of her claim, which was on unsecured, negotiable promissory notes. She was required, under the statute, to file her claim against the estate, as provided by Section 11957 *et seq.*, Code of 1924. The statute provides for certain preferences and for the order of payment of claims by the administrator of the estate of a decedent. Section 11969 *et seq.* The primary asset from which said claims are to be paid is the personal estate of the decedent. Section 11932. Appellee's claim was not a preferred claim. Unpreferred and unsecured claims, under the statute, are payable ratably and proportionately, and not merely in the order of either filing or allowance. Therefore, appellee stood on a footing with all other unsecured creditors of the decedent, and was entitled to be paid from the proceeds of the estate of the decedent by the administrator ratably and proportionately with other creditors of the said estate. As before stated, under the statute, if the personal estate is insufficient to pay the debts of the decedent, the administrator may apply to the court for authority to sell all or a portion of the real estate, to pay the same. Primarily, upon the death of the decedent, intestate, the title to the real estate vests in the heirs of the estate, subject to valid liens thereon, and subject to the divesting

of the title from the heirs at the instance of the administrator
in the event only that it is necessary to resort to the real estate
to pay the debts of the decedent.   Section 11778 was evidently
passed for the express purpose of changing the status of a
creditor of an estate so that, instead of being a mere claimant
and a general participant, pro rata, with other claimants against
the estate of a decedent, such claimant might become a redemp-
tioner of real estate of the decedent.   But for the provisions of
the statute, appellee, as a mere claimant against the estate of
the decedent, with a duly established claim, would have no lien
upon the property of the decedent, and would not be a redemp-
tioner entitled to redeem the real estate from a sheriff's sale.
Under such circumstances, the right of redemption would rest
in junior lien holders against the real property, and in the heirs
of the estate, and possibly in the administrator, upon applica-
tion and order and authority from the district court, but not
in mere creditors.   Now, in enacting Section 11778 the legisla-
ture undertook to provide a method by which a general creditor
of an estate might become a redemptioner of real estate belong-
ing to the decedent which had been sold at a sheriff's sale, and
thus protect his rights, the same as any other redemptioner.   It
is to be noticed that the legislature did not, in enacting this
statute, provide a general plan by which any person who duly
established his claim against the estate of a decedent became,
*ipso facto,* a redemptioner.   It is only claimants who have duly
established their claims against the estate of the decedent and
who seek to avail themselves of the statute that can step out of
the class of general claimants and become redemptioners.   The
legislature, by the terms of the statute, required an affirmative
act on the part of the probate claimant, to enable him to have
the right to become a redemptioner of real property which be-
longed to the decedent and which had been sold at sheriff's sale.
Such claimant is required, in the first place, to redeem "as in
this [redemption] chapter provided."   The terms of redemp-
tion of a creditor are provided by Section 11782.   The statute
then provides that the probate claimant shall also make "appli-
cation to the district court or any judge of the district where
the real estate to be redeemed is situated."   The statute is some-
what incomplete, and not wholly free from ambiguity.   The

purpose of requiring an application to be made to the court or judge would be utterly futile and meaningless unless the application was for an order by which the court would fix the right of the claimant to change his position from that of a general claimant against the estate of the decedent to that of a redemptioner. While the statute does not so declare in terms, this must be its obvious purpose.

The next clause of this section of the statute (Section 11778) is:

"Such application shall be heard after notice to such parties as said court or judge may direct, and shall be determined with due regard to rights of all persons interested."

A discretion is herein provided with regard to what persons shall be served with notice of the application, and the provision is that the application shall be determined with due regard to the rights of all persons interested. A case might arise where it would be important for the court to determine what parties would be concerned in the right of the probate claimant to become a redemptioner. It might easily appear that the administrator of the estate would be an important party, because he might desire and be in a position to redeem the real estate for the benefit of all of the creditors of said estate, and for its distribution ratably and proportionately among such creditors. What the rights of the redemption creditor would be under such circumstances we do not determine. Cases might also arise where the heirs would have an interest in determining the right of the probate claimant to become a redemptioner. In any event, we think the conclusion is inevitable that a substantial compliance with this statute in making an application and obtaining an order by the court is necessary, in order to change the relation of the probate creditor from that of a mere general creditor against the estate of a decedent to that of a redemptioner. The probate claimant has no power to change his status of his own volition, and the legislature has pointed out the means and method by which this change can be brought about.

The vital question at this point is, then, Within what time must the application be filed, and when must it be heard, in order for the creditor to have his rights established as a redemptioner? The statute makes no definite pronouncement upon

this question, but we must read the statute in connection with the other statutes on the subject of redemption, and bear in mind their general purpose and intention. The statute on redemption requires that, for the period of time after six months and within nine months from the day of sale, "any creditor whose claim becomes a lien prior to the expiration of the time allowed for such redemption" may redeem. Section 11776. The things that the creditor is required to do to effectuate a redemption, the amount to be paid, etc., are provided by statute. We think the clear intent of the statute would require that, in order to effectuate a redemption on the part of a probate claimant, a redemption would have to be made within the nine-months period in which general creditors could redeem, and should be effectuated in the manner provided by the statute. It would also require that, under Section 11778, the probate claimant go further, and within the nine-months period make an application to the district court or a judge of the district where the real estate to be redeemed is situated, for an order to fix and establish his right as a redemptioner.

We do not deem it essential, under the statute, to the right of the probate creditor to redeem that his application to fix his status as a redemptioner shall necessarily be heard and finally determined within the nine-months period. The legislature evidently did not so intend, in enacting this statute. Provision is made for a notice to be given; the parties to whom notice is to be given are to be determined by the court or judge, who is also to fix the length of time notice is to be given. If the creditor has in good faith legally established his claim, and has paid in the necessary money and done all of the acts and things required to effectuate redemption, and has made application to the court for the proper order fixing his right to change his status from that of a general creditor to a redemptioner, within the nine-months period, it would defeat the obvious purpose and intent of this statute if he lost his rights as a redemptioner merely because the court or judge fixed the time for notice and hearing under the statute at a time beyond the nine-months period provided for redemption. We cannot think the legislature intended that the statute should work such an anomalous and inconsistent result. In the instant case, it is quite apparent that

appellee not only did all that she was required to do to effectuate a legal redemption, but all that it was possible, as a matter of fact, for her to do. She duly established her claim against the estate of the decedent in the proper court. She made legal redemption within the time and in the manner provided by the statute. At the same time, she made application to the court for an order declaring that she was a proper redemptioner. The judge found that she had the right to redeem, and had exercised it, and fixed the time of hearing on the application at a term of court which was a few days beyond the nine months after the date of the sheriff's sale. We think that, under such circumstances, appellee did not lose her standing nor her rights because the hearing was fixed by the court beyond said period. There is no claim that the rights of any other parties whatever intervened in any way, or that any prejudice could or did result to appellant or any other person. It is to be noticed that the administrator of the estate and the guardian of the sole heir of the decedent appeared in said matter and filed answer, and in no way challenged the right of appellee to make redemption. To hold that, under the circumstances disclosed, a party lost the right to redeem, would result frequently in depriving a party of a valuable right without prejudice to any other person and without any fault whatever on his part. The statute does not require that the hearing on the application shall be had within the nine-months period, and we think that appellee, who performed all of the conditions required by the statute, on her part, was not deprived of her right to be established in the status of a redemptioner because the judge made an order within the nine-months period, fixing the day of the hearing at a period that happened to be beyond the nine-months limitation. The order so made should be held to refer to the time of making the redemption. We think appellee was within the statute as a redemptioner, and that the court did not err in so holding.

II. Appellant filed a pleading setting up that the sale was illegal and void, and sought to have the same vacated and set aside. It is the contention of appellant that he bid $1,000 at

2. Execution: sale: vacation: insufficient ground.   said sale, and after having made said bid, was informed by the sheriff that, if anyone attempted to redeem from appellant, such redemptioner

would be required to pay the full amount of appellant's claim, notwithstanding his bid. Appellant, however, accepted and held the sheriff's certificate of sale. He was accompanied at the time of the sale by his attorney, who was present and took part in the proceedings at the time the bid was made and the sheriff's certificate issued.

Assuming that appellant is in a position to question the matter in this proceeding, we find nothing irregular in the manner in which said sale was conducted that would require holding that the same was invalid or illegal.

From an examination of the record, we are content to acquiesce in the conclusion of the trial court that there was no such showing made of either mistake or fraudulent representation as would justify the setting aside of the sale or granting appellant the relief prayed. The facts in the case clearly distinguish it from *Bay v. Harnett*, 58 Iowa 344. That a party is not entitled to have sheriff's sale set aside because of the mere fact that he has made a mistake in the amount of his bid and suffered injury thereby is a familiar rule, and one which has heretofore been recognized by this court. *Crawford v. Foreman*, 127 Iowa 661.

We find no error on the part of the trial court requiring interference on our part, and the decree appealed from must be, and it is,—*Affirmed.*

DE GRAFF, C. J., and EVANS, STEVENS, VERMILION, ALBERT, and MORLING, JJ., concur.