CENTRAL STATE BANK, Appellee, v. STELLA M. LORD et al.,
Appellants; GEORGE W. HART, Intervener, Appellee.

APPEAL AND ERROR: Dismissal—Dismissal When Question Becomes
Moot. An appeal by a surviving mortgagor from an order which
grants to a probate claimant a right to redeem from a sale under
foreclosure will be dismissed when it is made to appear that appel-
lant has allowed his time for redemption to elapse without any
attempt by him to redeem. (See Book of Anno., Vols. 1, 2, Sec.
12886.)

Headnote 1: 4 C. J. p. 575.

*Appeal from Wayne District Court.*—H. H. CARTER, Judge.

OCTOBER 18, 1927.

Application by George W. Hart, intervener, and as probate
claimant in the estate of John H. Lord, deceased, for authority
to redeem from a sale of real estate in a foreclosure action under
the provisions of Section 11778, Code of 1924. The opinion
states the facts. The defendants appeal from a decree granting
the prayer of the intervener's petition. Motion to dismiss the
appeal is filed by intervener-appellee, on the primary ground
that the question involved is moot.—*Motion sustained and appeal
dismissed.*

*Steele & Miles* and *McGinnis & McGinnis,* for appellants.

*Bracewell, Murrow & Poston* and *Evans & Garrett,* for ap-
pellee.

DE GRAFF, J.—Appellee has filed motion to dismiss this
appeal, on the primary ground that the controlling question in-
volved herein is now moot. The motion, ordered submitted with
the case, is, therefore, entitled to first consideration.

The legal quarrel concerns itself with statutory provisions
applicable to redemption in the foreclosure of a real estate mort-
gage. Who are the parties? The plaintiff, Central State Bank,
who is not interested on this appeal, was mortgagee. The de-

fendant-appellant Stella M. Lord is the surviving spouse of John H. Lord, who, jointly with Stella M., executed the mortgage. The intervener-appellee, George W. Hart, is a probate claimant-redemptioner, as defined by Section 11778, Code of 1924.

The mortgage in question was foreclosed and a decree was entered August 31, 1925. There was no appeal from this decree. A sale was made, under a special execution, October 3, 1924. On March 8, 1926, the intervener, Hart, filed petition alleging, *inter alia*, that he is the owner of an approved claim filed in the estate of John H. Lord, deceased, and praying ''for an order and for authority to redeem from the execution sale in the case of the Central State Bank v. Stella M. Lord *et al.*, and as provided by law, and particularly by Code of 1924, Section 11778, and asks the court to fix the kind and character of notice to be given of the hearing and the time and place of the hearing and the persons to whom said notice shall be given. And after and upon final hearing, that this applicant, George W. Hart, shall have full and complete right and authority to redeem from the execution sale herein referred to, and that, when he has redeemed, that he shall have all the rights, privileges, and protection of the law, as such redeeming creditor.''

On March 8, 1926, an order for service of said application on all interested parties was entered. Due and timely service was had. On March 29, 1926, the defendant Stella M. Lord filed her separate answer, and subsequently all other interested persons filed answer. On May 15, 1926, trial was had on the issues joined, and it was then and there stipulated and agreed that John H. Lord died intestate, February 22, 1924, and left surviving him his widow, Stella M. Lord, and certain children (naming them), as his sole and only heirs at law; that he died seized of a certain described parcel of real estate, consisting of 240 acres; that the said real estate was mortgaged in the sum of $18,000 by John H. Lord and his wife, Stella M., to the Central State Bank, and that the same included the homestead 40; that the said mortgage was foreclosed, and all of the said 240 acres of land sold at execution sale under said foreclosure in bulk, including the homestead; that the said sale was made on the third day of October, 1925; that a certain 40 of the 240 acres was selected as the homestead by the widow, Stella M. Lord, and the

same was set off to her as her homestead, and was accepted by her in lieu of her distributive share; that the children and heirs of John H. Lord, deceased, with the exception of one minor heir, deeded their interest in the said homestead 40 to the widow; that, at the time of the execution sale, the homestead claimed by the widow had been platted as a homestead, after due notice to her by the sheriff; that said mortgaged real estate was offered by the sheriff on execution sale in separate tracts, 40 acres each, before the homestead was offered, and, no bids being received, he then offered the whole of said tract, and received a bid on the third day of October, 1925, when the plaintiff Central State Bank bid $20,293.21 in full satisfaction of the judgment and costs; that a certificate of sale was duly issued by the sheriff to the purchaser; that thereafter, on November 30, 1925, the said Central State Bank, as holder of the certificate of sale, paid to the county treasurer of Wayne County, Iowa, taxes on said real estate, amounting to $349.98, and thereafter filed its affidavit in the office of the clerk of the district court in conformity to law; that the estate of John H. Lord is insolvent; that, in order to make redemption from said execution sale, it will require the payment of the amount of the bid to the Central State Bank, with interest at 8 per cent from October 3, 1924, in addition to the payment of the taxes and interest; and that no redemption has been made at this time, to wit, the time of the trial, May 15, 1926.

On June 18, 1926, a decree was entered, and it was ordered, adjudged, and decreed that the applicant, George W. Hart, "be and is hereby authorized and empowered to redeem from the execution sale in the above-entitled action by paying to the clerk of the court the amount of the judgment of the plaintiff, Central State Bank, being the amount which the plaintiff bid at the sale under special execution of the land, together with such costs, accruing costs, and such added liability for taxes or otherwise as the law provides, and that, when he has paid said sum of money to the clerk of the court, that he shall be entitled to have the sheriff's certificate of sale in this action assigned to him, and shall have the right to add to the amount so paid the amount of his claim established, approved, and allowed as a third-class claim as against the estate of John H. Lord, or such less sum as he may designate as the utmost amount he is willing to credit his claim with, as provided by Sections 11789 and 11790, Code of

1924, and before redemption as provided herein, the said George W. Hart shall file his affidavit, as provided by law.''

At the outset, it may be observed that there was a compliance with the statute (Section 11778, Code of 1924), in making application and obtaining an order by the court, in order to change the relation of the probate creditor from that of a mere general creditor against the estate of the decedent to that of a redemptioner. The claimant had no power to change his status on his own volition. The legislature has pointed out the method by which this change can be effectuated. See *Aronson v. Hoskins,* 201 Iowa 389.

It may be further observed, under the instant record, that no redemption was made by the appellant or other defendants during the six-months period following the execution sale, during which time they had the exclusive right of redemption. Section 11774, Code of 1924.

After the six-months period had elapsed, the appellee made redemption. This was less than a month before his right of redemption expired. Section 11776, Code of 1924. No redemption was made or attempted to be made by the appellant Stella M. Lord during the last three months of the year in which redemption may be made by her under the statute. She made no attempt to redeem, nor did she do anything to effectuate a redemption by depositing any sum of money with the clerk of the district court. Section 11792, Code of 1924. She has permitted the time allowed by law, in which redemption could have been made by her, to expire. The right of redemption is purely statutory, and can be exercised only within the period and in the manner prescribed by the statute creating it. She may not, therefore, having ignored the conditions precedent to preserve her rights, make redemption after the year has expired. The statute confers upon the court no discretion nor power of mercy in relation thereto. *Tharp v. Kerr,* 141 Iowa 26. See, also, *Iowa L. & Tr. Co. v. Kunsch,* 156 Iowa 91; *Martin v. Sprague,* 29 Minn. 53 (11 N. W. 143).

The primary question on this appeal involves the statutes governing redemption,—not homestead. With this view of the situation, it must be held that the statutory period of redemption has expired, and it necessarily follows that the primary question involved on this appeal is now moot. The very essence of the

case in the court below has vanished, and no act by this court, under the circumstances, can avail anything to create a restoration of defendant's right of redemption. As bearing on the general proposition whether a question is or is not moot, see *McCarthy Co. v. Dubuque Dist. Court*, 201 Iowa 912; *Richman v. Letts*, 202 Iowa 973; *Thie v. Consolidated Ind. Sch. Dist.*, 200 Iowa 359; *McFarland v. McGhee*, 199 Iowa 542; 4 Corpus Juris 575.

Wherefore, the temporary injunction is dissolved, the motion to dismiss is sustained, and the appeal is—*Dismissed*.

EVANS, C. J., and ALBERT, MORLING, and WAGNER, JJ., concur.