JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellant, v. WILL ROEDER et al., Appellees.

JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellant, v. AMOS E. HAHN et al., Defendants, WILL ROEDER, Defendant, Appellee.

No. 43218.

JUNE 19, 1936.

REHEARING DENIED SEPTEMBER 25, 1936.

Van Oosterhout & Kolyn and Tinley, Mitchell, Ross & Everest, for appellant.

Fred H. Free and Kass & Kass, for appellee, Will Roeder.

STIGER, J.—On April 6, 1933, the plaintiff, John Hancock

Mutual Life Insurance Company of Boston, Massachusetts, commenced a foreclosure action against Amos E. Hahn et al., including defendant Will Roeder, who was the owner in possession of the real estate at the time of the commencement of the action.

The suit went to judgment and decree, a receiver was appointed and the land leased to Roeder for the years of 1933-1934.

The plaintiff bid in the land at execution sale for $16,500 on June 1, 1933, leaving a deficiency judgment of $2,133. Plaintiff obtained sheriff's deed to the premises June 6, 1934.

The plaintiff in the fall of 1934 leased the land to George Cole for the year of 1935.

In January 1935, plaintiff commenced an action to quiet the title in the land involved in the foreclosure suit against Roeder who, as claimed by the plaintiff had stated that he would not yield possession at the expiration of his lease March 1, 1935.

The defendant Roeder filed an answer and cross petition.

Roeder claims in his cross petition that the plaintiff's agents, with intent to deceive and prevent him from applying for a continuance under the Moratorium Act, represented to him that the foreclosure action was brought for his benefit in order to remove the second mortgage lien from the land; that he need not worry about losing his home; that plaintiff did not want his home; that when the proceedings were over and the second mortgage was out of the way, the plaintiff would turn back the farm to him and accept a mortgage on the premises for the amount then due and owing the plaintiff.

Roeder further alleged that he relied on the said representations and did not appear in the foreclosure proceedings nor file application for a continuance under the Moratorium Act as he otherwise would have done; that he entered into the two-year lease relying on the false and fraudulent statements made by plaintiff's agents; that he offered to perform his part of the agreement and tendered full performance but plaintiff refused to carry out the contract after obtaining sheriff's deed; he asks that the decree of foreclosure, execution sale and sheriff's deed be set aside; that he be permitted to file in the foreclosure suit his application for a continuance pursuant to and in accordance with the laws of the State of Iowa pertaining to the Moratorium Act and that he have a decree of specific performance of his contract with the plaintiff and for general equitable relief.

Plaintiff filed an answer to defendant's cross petition alleg-

ing in substance that: (1) it denied in general the making of the undertaking or agreement for refinancing or repurchase as alleged in the cross petition; (2) that the matters pleaded in defendant's cross petition as to alleged promises, agreements and undertakings of the plaintiff were without consideration and were void and unenforceable because not made in writing; (3) that the foreclosure proceedings, the entry of final decree of foreclosure and the sheriff's sale and sheriff's deed issued were not subject to collateral attack by defendant's cross petition in this action to quiet title.

On April 4, 1935, a decree was entered finding that there was not sufficient evidence to establish an oral agreement between the parties for a reconveyance of said premises or to establish the claim of defendant, Will Roeder, that the title taken by the plaintiff under the sheriff's deed was to be held in trust for the benefit of the said Roeder. The decree further found that the plaintiff through its agents made various oral representations that lulled him into a sense of security; that Roeder in reliance thereon did not employ counsel and permitted a foreclosure decree to be taken against him, and during the redemption period did not file an application for an extension of the period of redemption under the Moratorium laws of the State of Iowa, and that justice and equity required that Roeder be given an opportunity to file an application for an extension of the period of redemption.

The decree dismissed the plaintiff's cause of action and permitted Roeder to file an application for an extension of the period of redemption in the foreclosure suit in accordance with the Moratorium laws.

The defendant, Roeder, did not appeal from the findings of the trial court that there was not sufficient evidence to establish an oral agreement for a reconveyance of the premises nor to establish the claim of Roeder that the title taken by plaintiff under sheriff's deed in the foreclosure suit was to be held in trust for the benefit of Roeder.

The plaintiff appealed from this decree.

Pursuant to the permission granted him in the quieting title decree, Roeder, on March 27, 1935, filed his application for an extension of the period of redemption to March 1, 1937, under the Moratorium acts and laws of the State of Iowa.

Plaintiff filed a resistance to the application, alleging that

the court had no jurisdiction to entertain the application because:

(1) The foreclosure suit was commenced April 6, 1933, after the effective date of Chapter 179, acts of the 45th General Assembly.

(2) The period of redemption had expired prior to the filing of the application.

(3) Roeder was not entitled to a continuance under Chapter 110 of the acts of the 46th General Assembly because the period of redemption, as now provided, had expired June 6, 1934, and prior to February 6, 1935, which was the effective date of said Chapter 110.

Plaintiff also alleges in its resistance that Roeder had no reasonable hopes or prospects that he would be able to make redemption or refinance the indebtedness within the extended period; that Roeder was notified July 27, 1934, that it would not lease the premises to him for 1935, and that Roeder knew of the lease to Cole in October 1934; that by standing by and making no claim to the premises until he filed his cross petition in the quieting title suit he is estopped from claiming any interest in the land and from applying for an extension of the period of redemption.

A hearing was had and on April 9, 1935, Roeder was granted an extension of the period of redemption to March 1, 1937.

This extension of the period of redemption was clearly granted under the Moratorium acts.

Plaintiff appealed from the order granting an extension of the period of redemption.

The appeals in the quieting title suit and the foreclosure suit are consolidated by stipulation and with the approval of the trial court.

The trial court erred in dismissing plaintiff's petition in the quieting title suit No. 12513 and in permitting the defendant Roeder to file his application for an extension of the period of redemption in the foreclosure suit No. 12224 in accordance with the Moratorium laws of the State of Iowa and also erred in granting an extension of the period of redemption under the application filed in the foreclosure suit No. 12224 and the resistance filed thereto.

 Roeder failed to bring himself within the provisions of the Moratorium acts.

He was not entitled to any relief under Chapter 179 of the acts of the 45th General Assembly because the action for the real estate foreclosure had not been commenced at the time of the effective date of the act. The foreclosure suit was commenced on April 6, 1933, and the effective date of said chapter 179 of the 45th General Assembly was March 18, 1933.

Roeder was not entitled to any relief under chapter 110, acts of the 46th General Assembly because the redemption period had expired on June 1, 1934, which was prior to the effective date of the act which was February 6, 1935, and also prior to the order granting the application for an extension of the period of redemption April 9, 1935.

All of the false allegations alleged by Roeder to have been made by the plaintiff to induce him not to file an application for an extension of the period of redemption were made long prior to February 6, 1935, the effective date of said Chapter 110 of the 46th General Assembly.

For cases so construing the said Moratorium acts see Metropolitan Life Insurance Co. v. Reimer, 220 Iowa 1162, 263 N. W. 826; Mohns v. Kasperbauer, 220 Iowa 1168, 263 N. W. 833.

If Roeder had filed his application for an extension of the period of redemption he would not have been entitled to any relief and therefore whether or not he relied on any false representations that might have been made by the plaintiff in not filing for an extension is immaterial.

 II. To avoid the effect of our Moratorium acts and statutory provisions for a redemption from execution sale appellee Roeder contends that although a decree of foreclosure was entered against him and he failed to redeem within the statutory redemption period that he has an additional equitable right of redemption independent of the statutory right to redeem after sale and that this right is in no manner affected by the statutory right to redeem.

In support of this proposition he cites the following cases: 42 C. J., page 345, sec. 2072; Kenmare Hard Coal Brick and Tile Co. v. Riley, 20 N. D. 182, 126 N. W. 241; Fort v. Colby, 165 Iowa 95, 144 N. W. 393; Cooper v. Maurer, 122 Iowa 321, 98 N. W. 124.

42 C. J., page 345, sec. 2072. "Equitable Right—a. In General. While the mortgagor has in the absence of statutory provision no right enforceable at law to redeem after condition broken, such right was at an early date recognized in equity, and the equitable right of redemption is highly favored by the courts and regarded as an incident to all mortgages, correlative to the right to foreclose and independent of the terms of the mortgage. The equitable right of redemption is entirely independent of the statutory right to redeem after sale and is unaffected by the limitations imposed on the statutory right."

As stated in the note to the above quoted section 2072, the purpose of the equitable right to redeem was to give relief to the mortgage debtor who had no remedy at law. At the time this equitable right to redeem came into existence the debtor had no enforceable right at law to redeem after condition broken.

Under this section the cases of Spurgin v. Adamson, 62 Iowa 661, 18 N. W. 293, and Anson v. Anson, 20 Iowa 55, 56, 89 Am. Dec. 514, are cited.

The Spurgin case and the Anson case, supra, are authorities for the proposition that a second mortgagee or junior lienholder who are not made parties to a foreclosure suit by a senior lienholder have a right to redeem in equity.

In the case of Central State Bank v. Lord et al., 204 Iowa 439, 442, 215 N. W. 716, 718, Stella M. Lord was a defendant in the foreclosure suit and a decree of foreclosure was entered against all of the defendants . The court states:

"She has permitted the time allowed by law, in which redemption could have been made by her, to expire. The right of redemption is purely statutory and can be exercised only within the period and in the manner prescribed by the statute creating it. She may not, therefore, having ignored the conditions precedent to preserve her rights, make redemption after the year has expired."

In this case Roeder was a party to the foreclosure suit and a decree of foreclosure was entered against him.

In Fort v. Colby, supra, the plaintiff brought an action in equity to declare a deed, absolute in form, a mortgage, and to permit plaintiff to redeem therefrom. The defendant contended that the deed was an absolute conveyance. The court found that

the conveyance was in truth a mortgage; that plaintiff had a very substantial equity in the land and permitted the plaintiff to redeem.

The case of Cooper v. Maurer, supra, holds that the grantee of the equity of redemption of a mortgagor may redeem within the statutory period of redemption and that this is true whether the assignment of the right is before or after the execution sale. The court states:

"Prior to the sale it is what we call an equity of redemption and a right to redeem from the mortgage; after the sale it is a statutory right to redeem from the sale."

The authorities cited by appellee Roeder in support of his proposition that he has an equitable right of redemption in addition to the statutory provisions are not applicable to the facts in this case.

42 C. J., page 352, sec. 2080. "Statutory Right. a. In General. By statute in the various jurisdictions provision is commonly made for a right of redemption, ordinarily to be exercised after a sale upon foreclosure, which is distinct from the equitable right to redeem, and which is ordinarily regarded as upon its accrual superseding the equitable right to redeem."

See Arnold v. Black, 204 Ala. 632, 87 So. 170; Central State Bank v. Lord, 204 Iowa 439, 215 N. W. 716.

Roeder having been a party to the foreclosure suit and a decree of foreclosure entered against him and having failed to make a statutory redemption, does not, under the circumstances of this case, have an additional right in equity to redeem.

The appellee, Roeder, was entitled to no relief under his cross petition in the quieting title suit. Plaintiff was entitled to a decree and the district court should have granted to the plaintiff a judgment and decree quieting the title to the real estate in the plaintiff, John Hancock Mutual Life Insurance Company of Boston, Massachusetts, as prayed in its petition.

For the errors pointed out, that part of the decree in the quieting title suit No. 12513, dismissing plaintiff's cause of action and permitting appellee, Roeder, to file an application for an extension of the period of redemption in accordance with the Moratorium laws of the state of Iowa, is reversed and the case

is remanded to the district court for a decree in harmony with this opinion.

The order of April 9, 1935, made in the foreclosure suit No. 12224, granting Roeder an extension of the period of redemption to March 1, 1937, is reversed.—Reversed and remanded.

DONEGAN, C. J. and KINTZINGER, MITCHELL, ANDERSON, ALBERT, PARSONS, and RICHARDS, JJ., concur.

HAMILTON, J., concurs in result.